1 | SCOTT+SCOTT LLP
2 | CHRISTOPHER M. BURKE (214799)
  | cburke@scott-scott.com
3 | HAL D. CUNNINGHAM (243048)
  | hcunningham@scott-scott.com
4 | JOSEPH P. GUGLIELMO
  | jguglielmo@scott-scott.com
5 | 6424 Santa Monica Blvd.
  | Los Angeles, CA 90038
6 | Telephone: (213) 985-1274
7 | Fax: (213) 985-1278

8 | *Counsel for Plaintiff*

9 | [Additional Counsel on Signature Page.]

10 |

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | WESTERN DIVISION

14 |

15 | MAURICIO CHAVEZ, Individually and on Behalf of All Others Similarly
16 | Situated,

17 |               Plaintiffs,

18 |     vs.

19 |

20 | NESTLÉ USA, Inc., a Delaware Corporation and DOES 1 through 100,

21 |

22 |            Defendants.

**CV09-9192 RSWL (CWx)**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

23 |
24 |
25 |
26 |
27 |
28 |

CLASS ACTION COMPLAINT

1    Plaintiff Mauricio Chavez (hereinafter, "Plaintiff"), a California resident, brings
2    this class action complaint against Defendant Nestlé USA, Inc. (hereinafter "Nestlé")
3    and Does 1-100 (hereinafter referred to collectively as "Defendants"), individually
4    and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the
5    Federal Rules of Civil Procedure, who purchased Defendants' Juicy Juice Immunity
6    and/or Brain Development beverages at any time from April 2009 to the present (the
7    "Relevant Period").   Plaintiff's allegations against Defendants are based upon
8    information and belief, except for allegations specifically pertaining to him, which are
9    based upon personal knowledge.

10                    **I.      JURISDICTION AND VENUE**

11       1.      This Court has jurisdiction over this class action under 28 U.S.C.
12    §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"),
13    provides for the original jurisdiction of the federal courts of any class action in which
14    any member of the Class is a citizen of a State different from the defendant, and in
15    which the matter in controversy exceeds in the aggregate the sum of $5,000,000,
16    exclusive of interest and costs.  Plaintiff seeks certification of a class of all persons
17    who purchased Juicy Juice Immunity and Brain Development beverages from April
18    2009 to the present.  Such persons reside in the 50 United States and the District of
19    Columbia.  Defendants are citizens of California and/or Delaware.  The amount in
20    controversy, exclusive of interest and costs, exceeds $5 million.

21       2.      The Court has personal jurisdiction over Defendants because each is a
22    corporation or partnership that has sufficient minimum contacts in California or
23    otherwise intentionally avails itself of the California market through its marketing and
24    sales of the products in the State of California and/or by having such other contacts
25    with California so as to render the exercise of jurisdiction over it by the California
26    courts consistent with traditional notions of fair play and substantial justice.

27

28

CLASS ACTION COMPLAINT                                                          - 1 -

3.      Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because the Court has personal jurisdiction over Defendants.

4.      No other forum would be more convenient for the parties and witnesses to litigate this action.

5.      California law applies to all claims set forth in this Complaint as Defendant Nestlé is a California resident and all of the misconduct alleged herein was contrived, implemented, and has a shared nexus within California.

## II.      NATURE OF ACTION

6.      Defendants market and sell Juicy Juice, a brand of juices and juice concentrates geared toward children.  The U.S. headquarters of Nestlé is located in Glendale, California.

7.      Defendants claim that Juicy Juice is made from 100% juice with no added sugars, sweeteners, preservatives or artificial flavors.

8.      Defendants advertise, market, promote and sell specific lines of Juicy Juice beverages commonly known as Juicy Juice Brain Development ("Brain Development") and Juicy Juice Immunity ("Immunity").

9.      Juicy Juice Immunity and Brain Development beverages are packaged in "Tetra Prisma" containers, which are purported to "maintain the potency of [the] added nutrients," and sold to consumers for a substantially higher price (20% to 30% higher) than Nestlé's other Juicy Juice beverages.

10.      Defendants, in the advertising, marketing, promotion and sale of Juicy Juice Immunity and Brain Development beverages,  have engaged in misleading, fraudulent, unfair and deceptive business practices as Defendants have (a) misled consumers by deceptively marketing the Brain Development and Immunity beverages through Nestlé's well-known Juicy Juice brand, which is advertised and marketed as being 100% fruit juice, despite the fact that both the Brain Development and Immunity beverages contain only 70% juice;  (b) misled and deceived consumers by

CLASS ACTION COMPLAINT                                                                    - 2 -

promoting and promising boosted immunity and increased digestive health from the inclusion of minute quantities of  zinc and prebiotic fiber and a typical amount of vitamin C in Juicy Juice Immunity beverage; (c) misled and deceived consumers by promoting and promising brain development from the inclusion of minute quantities of docosahexaenoic acid ("DHA") in Juicy Juice Brain Development beverage; and (d) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages are packaged in containers that provide superior maintenance of potency.

11.   As a result of the foregoing misrepresentations and omissions, Defendants are able to sell Juicy Juice Immunity and Juicy Juice Brain Development beverages for substantially more that the other Juicy Juice and comparable products.

12.   Plaintiff and the consumer class reasonably relied upon Defendants' representations regarding Juicy Juice Immunity and Juicy Juice Brain Development beverages' health benefits in purchasing these products.  Plaintiff and the consumer class were not aware the quantities of supplements added to the products were insignificant and provided no benefit as represented.  Plaintiff and the consumer class have therefore been injured by Defendants' unfair and deceptive conduct.

13.   By these acts, Defendants have violated and are in violation of Cal. Bus. & Prof.Code § 17200 *et. seq.*; Cal. Bus. & Prof. Code § 17500; and Cal. Civ. Code §1709.

14.   Accordingly, Plaintiff seeks damages to compensate class members for consuming more and/or paying higher prices for Juicy Juice Immunity and Brain Development beverages than they would have but for Defendants' false and misleading advertising, marketing, promotion and sales practices described herein. Plaintiff also seeks, among other relief, an order enjoining Defendants' acts of unfair competition and false and misleading advertising.

CLASS ACTION COMPLAINT                                                    - 3 -

## III.   PARTIES

15.     Plaintiff Mauricio Chavez resides in San Diego County and is a citizen of the State of California.  Plaintiff brings this action individually and on behalf of those similarly situated.   During the Relevant Period, Plaintiff purchased Juicy Juice Immunity and Brain Development beverages in San Diego County for consumption by his children, and, in doing so, relied upon false and misleading statements that were prepared by and/or approved by the Defendants and their agents and disseminated through these products' packaging, labeling, marketing materials and advertising media.

16.     Defendant Nestlé is organized and existing under the laws of Delaware, with its corporate headquarters and principal place of business located at 800 North Brand Boulevard, Glendale, CA 91203.  Nestlé is a citizen of either California and/or Delaware.  Nestlé was and is doing business within this Judicial District.  According to an October 7, 2002 investor presentation, Nestlé generated $11 billion in sales in 2001, with the beverages division accounting for $1.3 billion, or 8.4% of sales. According to the report, Juicy Juice accounted for $415 million in sales.

17.     Defendant Does 1 through 100 are (a) persons, including, but not limited to, employees of Nestlé or (b) entities, including, but not limited to subsidiaries, affiliates, manufacturers, distributors and/or their alter egos, whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein and are responsible in some manner for the matters alleged herein. Plaintiff will amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

18.     The term "Defendants," as used herein, is defined to mean the Defendant named in paragraph 16 and all Defendant Does 1 through 100.

CLASS ACTION COMPLAINT                                                                - 4 -

19.  At all times herein mentioned, each Defendant was the agent, servant, employee, co-conspirator and/or joint venturer of each of the other Defendants.  In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency, employment, conspiracy, and/or joint venture, and was acting with the consent, permission and authorization of each of the other Defendants.  All actions of each Defendant, as alleged in the causes of action stated herein, were ratified, approved and/or authorized by every other Defendant with full knowledge of such acts.  Defendants are thus jointly and severally liable for such actions.

20.  Defendants, upon becoming involved with the manufacture, distribution, advertising, marketing and sale of Juicy Juice Immunity and Brain Development beverages knew or should have known that Defendants' claims regarding Juicy Juice Immunity and Brain Development beverages, including, but not limited to, claims regarding these products' effect on immunity or brain development, were false and misleading.

21.  Defendants have been aware that they, individually and/or collectively, do not possess requisite scientific evidence to substantiate Defendants' claims regarding Juicy Juice Immunity and Brain Development beverages, including, but not limited to, claims regarding these products' effect on immunity or brain development.

22.  Defendants affirmatively misrepresented, among other things, the effect of Juicy Juice Immunity and Brain Development beverages on immunity and brain development in order to convince the public to purchase and use these products.

## IV.   CLASS ALLEGATIONS

23.  Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 individually and on behalf the following nationwide consumer class (the "Class"):

All purchasers of Nestlé's Juicy Juice Immunity and/or Brain Development beverages from April 2009 to present.  Specifically excluded from this Class are Defendants; the officers, directors or employees of Defendants; any entity in which Defendants have a

CLASS ACTION COMPLAINT                                                    - 5 -

controlling interest; and any affiliate, legal representative, heir or assign of Defendants; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

24.     The Class is sufficiently numerous, as it includes thousands of persons who have purchased Juicy Juice Immunity and/or Brain Development beverages. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure.  The disposition of the Class members' claims in this class action will substantially benefit both the parties and the Court.

25.     The Class is readily ascertainable through Defendants' business records. Notice can be provided to Class members by publication of notice by internet, radio, newspapers and magazines.

26.     There are questions of law and fact common to the Class for purposes of Federal Rule of Civil Procedure 23(a)(2).  Defendants' advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All Class members were and are similarly affected by having purchased Juicy Juice Immunity and/or Brain Development beverages for their intended and foreseeable purpose as promoted, marketed, advertised, packaged and labeled by Defendants as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiff and other members of the Class.

27.     Plaintiff asserts claims that are typical of the claims of the entire Class for purposes of Federal Rule of Civil Procedure 23(a)(3).  Plaintiff and all Class members have been subjected to the same wrongful conduct because they have purchased Juicy Juice Immunity and/or Brain Development beverages that do not possess the benefits that Defendants represent.  Plaintiff and the Class have thus all overpaid for Juicy

CLASS ACTION COMPLAINT                                                              - 6 -

1 | Juice Immunity and/or Brain Development beverages and/or purchased Juicy Juice
2 | Immunity and/or Brain Development beverages that they otherwise would not have.

3 |      28.    Plaintiff will fairly and adequately represent and protect the interests of
4 | the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).
5 | Plaintiff has no interests antagonistic to those of other Class members.  Plaintiff is
6 | committed to the vigorous prosecution of this action and has retained counsel
7 | experienced in litigation of this nature to represent him.  Plaintiff anticipates no
8 | difficulty in the management of this litigation as a class action.

9 |      29.    Class certification is appropriate under Federal Rule of Civil Procedure
10 | 23(b)(2) because Defendants have acted on grounds that apply generally to the Class,
11 | so that final injunctive relief or corresponding declaratory relief is appropriate
12 | respecting the Class as a whole.  Defendants' advertising, marketing, labeling and
13 | promotional practices were supplied uniformly to all members of the Class.

14 |      30.    Class certification is appropriate under Federal Rule of Civil Procedure
15 | 23(b)(3) because common questions of law and fact substantially predominate over
16 | any questions that may affect only individual members of the Class.  Among these
17 | common questions of law and fact are:

18 |      (a)    whether Defendants misrepresented or omitted material facts in
19 | connection with the promotion, marketing, advertising, packaging, labeling and sale of
20 | the Juicy Juice Immunity and Brain Development beverages;

21 |      (b)    whether Defendants represented that Juicy Juice Immunity and
22 | Brain Development beverages have characteristics, benefits, uses or qualities that they
23 | do not have;

24 |      (c)    whether Defendants knew or should have known that Defendants'
25 | claims regarding Juicy Juice Immunity and Brain Development beverages, including,
26 | but not limited to, claims regarding these products' effect on immunity or brain
27 | development, were false and/or misleading;

28 |

CLASS ACTION COMPLAINT                  - 7 -

1      (d)    whether Defendants' acts and practices in connection with the

2  promotion, marketing, advertising, packaging, labeling, distribution and sale of Juicy

3  Juice Immunity and Brain Development beverages violated California Business and

4  Professions Code § 17200 *et seq.*, California Business and Professions Code § 17500

5  *et seq.*, and/or Cal. Civ. Code §1709.

6      (e)    whether Defendants' acts and practices in connection with the

7  promotion, marketing, advertising, packaging, labeling and sale of the Juicy Juice

8  Immunity and Brain Development beverages unjustly enriched Defendants at the

9  expense of, and to the detriment of, Plaintiff and other Class members; and

10      (f)    whether Defendants' conduct, as set forth herein, injured members

11  of the Class and whether they have been damaged by the wrongs complained of

12  herein, and if so, the measure of those damages and the nature and extent of other

13  relief that should be provided.

14      31.    Proceeding as a class action provides substantial benefits to both the

15  parties and the Court because this is the most efficient method for the fair and efficient

16  adjudication of the controversy.  Class members have suffered and will suffer

17  irreparable harm and damages as a result of Defendants' wrongful conduct.  Because

18  of the nature of the individual Class members' claims, few, if any, could or would

19  otherwise afford to seek legal redress against Defendants for the wrongs complained

20  of herein, and a representative class action is therefore appropriate, the superior

21  method of proceeding, and essential to the interests of justice insofar as the resolution

22  of Class members' claims is concerned.  Absent a representative class action, Class

23  members would continue to suffer losses for which they would have no remedy, and

24  Defendants would unjustly retain the proceeds of their ill-gotten gains.  Even if

25  separate actions could be brought by individual members of the Class, the resulting

26  multiplicity of lawsuits would cause undue hardship, burden and expense for the

27  Court and the litigants, as well as create a risk of inconsistent rulings which might be

28

CLASS ACTION COMPLAINT           - 8 -

1  dispositive of the interests of the other Class members who are not parties to the

2  adjudications and/or may substantially impede their ability to protect their interests.

3                          **V.     ALLEGATIONS OF FACT**

4          32.     Juicy Juice is a well-known brand of juices and juice concentrates geared

5  toward children and sold in the United States by Defendants.  Prior to March 2006, it

6  was known as Libby's Juicy Juice, but is now labeled with the Nestlé parent brand.

7          33.     Juicy Juice is characterized by Defendants as follows:

8          For over 25 years, Nestlé JUICY JUICE® has helped parents raise
           healthy kids by providing them with a wide variety of nutritious 100%
9          juice options.  All NESTLÉ JUICY JUICE products are made from
           100% real fruit juice, providing an excellent source of Vitamin C with no
10         added sugars or artificial flavors. With 13 flavors and 3 forms to choose
           from, NESTLÉ JUICY JUICE has the widest variety of flavors of any
11         100% juice product.  JUICY JUICE balances the wholesome goodness
12         of real fruit and a delicious taste that will make your child smile with
           every glass.
13

14  http://www.Nestléusa.com/PubOurBrands/BrandDetails.aspx?lbid=C6DB59AC-

15  D1FB-4FEB-9F38-75256B68E818 (last accessed December 10, 2009.)

16
           34.     An October 7, 2002 Nestlé investor presentation slide deck indicates that
17
    Juicy Juice accounted for $415 million of Nestlé USA's beverage division sales, or
18
    over 30%.
19
           35.     The same investor presentation slide deck states the following regarding
20
    the U.S. beverage units' initiatives regarding Juicy Juice:
21
           **Strategy:**          -     Establish Juicy Juice as mom's only juice choice
22                                       for exceptional child development
23
                                  -     Increase price premium and realize significant
24                                       operational savings (Ocean Spray) to further
                                         improve EBITA
25
           **Actions:**           -     Evolve advertising to be both emotional and
26                                       functional
27

28

CLASS ACTION COMPLAINT                                                      - 9 -

-    Increase penetration via direct marketing to moms as infants transition to toddlers

http://www.Nestlé.com/Resource.axd?Id=4AA74488-A1E2-4BBE-BFFB-8F997B63C72A (last accessed December 10, 2009.)

36.    The investor presentation also lists "Leverage Juicy Juice's nutritional halo" as an "Opportunity" in "Kid's beverage brands."

37.    In April 2009, Defendants indeed leveraged Juicy Juice's "nutritional halo" with the launch of two new products, Juicy Juice Immunity and Juicy Juice Brain Development.

38.    In the April 6, 2009 press release announcing the launch, Defendants stated:

> GLENDALE, Calif., April 6 (FoodBizDaily) -- Nestlé Juicy Juice is premiering two products designed to benefit children during different stages of their growth and development. Juicy Juice Brain Development and Juicy Juice Immunity are fruit juice beverages made with natural ingredients, fortified with important nutrients and blended with filtered water to naturally lower the sugar and calorie content.
>
> **Juicy Juice Brain Development** is the only children's fruit juice beverage on the market currently offering DHA, which makes it a great first juice beverage choice for 1-2 year-olds. DHA acts as a building block for brain development during a child's first two years of life[1], when their brains triple in size, and experts often recommend infant formula fortified with DHA for children who are not breastfeeding (breast milk is a natural source of DHA)[2]. During this important developmental phase, Juicy Juice Brain Development, which contains 16mg of DHA per serving, is designed to provide children who are old enough to drink juice (according to recommendations by the American Academy of Pediatrics)[3] with continued DHA in their diet.
>
> **Juicy Juice Immunity** helps support a healthy immune and digestive system by offering beneficial nutrients, including zinc, vitamin C and prebiotic fiber. Both vitamin C and zinc are essential nutrients in a child's everyday diet, as neither can be produced by the body and must be replenished on a regular basis. Fiber is also highly important in a child's diet. In fact, according to The Dietary Guidelines for Americans,

CLASS ACTION COMPLAINT         - 10 -

the dietary intake of fiber for children may be low enough to be of concern for children and adolescents.[4] Children three to five years old consume only 11.4 grams of fiber a day on average, while the recommended amount is 25 grams per day.[5] Juicy Juice Immunity is one of the few juice beverages targeted towards children that contains prebiotic fiber. It is a good source of fiber and contains three grams per serving, which is equivalent to the amount found in a medium-sized apple.[6]

"Important nutrients such as DHA and prebiotic fiber are often difficult to incorporate into a child's diet, particularly after a child has finished breastfeeding or drinking formula, and before they are able to eat a full spectrum of food," said Dr. Yinka Davies, M.D. "Juicy Juice Brain Development and Juicy Juice Immunity are additional resources for parents to incorporate much needed nutrients into their child's diet, while still giving them the great tasting fruit juice beverages that they love."

Like all Juicy Juice products, Juicy Juice Brain Development and Juicy Juice Immunity are made with all-natural fruit juice and no added sugars, preservatives or artificial flavors or colors. What is unique about these new Juicy Juice products is that the juices are blended with filtered water (70 percent juice, 30 percent water), which results in fewer calories and a reduced amount of naturally occurring sugars. The reduction of sugar and calories through dilution, coupled with essential nutrient enhancement, make Juicy Juice Brain Development and Juicy Juice Immunity a unique and convenient option in the children's beverage category.

"Juicy Juice recognized the need for a beverage that accommodated mom's priorities related to her child's diet," said Victoria Nuevo-Celeste, Nestlé Juicy Juice Marketing Manager. "Juicy Juice Brain Development and Juicy Juice Immunity offer excellent value for mom. They provide important nutrients while also helping mom control her child's calorie and sugar intake."

New Juicy Juice Brain Development is available in Apple and Grape, and New Juicy Juice Immunity is available in Apple and Berry. Both beverages are sold in 33.8 fluid ounce (1 liter) Tetra cartons and can be found in the juice aisle of grocery stores across the United States. Juicy Juice Brain Development and Juicy Juice Immunity are shelf stable products, and the suggested retail price is $2.99. For more information,

CLASS ACTION COMPLAINT                                          - 11 -

please visit http://www.juicyjuice.com/Brain-Development-And-Immunity/Default.aspx.

About Nestlé USA

Named one of "America's Most Admired Food Companies" in Fortune magazine for the eleventh consecutive year, Nestlé USA provides quality brands and products that bring flavor to life every day. From nutritious meals with Lean Cuisine(R) to baking traditions with Nestlé(R) Toll House(R), Nestlé USA makes delicious, convenient, and nutritious food and beverage products that enrich the very experience of life itself. That's what "Nestlé. Good Food, Good Life" is all about. Nestlé USA, with 2007 sales of $8.25 billion, is part of Nestlé S.A. in Vevey, Switzerland - the world's largest food company - with sales of $90 billion. For product news and information, visit Nestléusa.com or NestléNewsroom.com .

(1). Al MDM, Hornstra G. Long-chain polyunsaturated fatty acids, pregnancy, and pregnancy outcome. Am J Clin Nutr. 2000;71(suppl):285S-291S.

(2). Innis SM. Dietary omega 3 fatty acids and the developing brain. Brain Res. 2008. Sep. 9;35-43.

(3). Committee on Nutrition. The use and misuse of fruit juice in pediatrics. Pediatrics. 2001;107(5):1210-1213.

(4). U.S. Department of Health and Human Services and U.S. Department of Agriculture. Dietary Guidelines for Americans, 2005. 6th Edition, Washington, DC: U.S. Government Printing Office, January 2005.
http://www.health.gov/dietaryguidelines/dga2005/document/html/chapter2.htm

(5). Niklas TA, Hayes D. Position of the American Dietetic Association: Guidance for health children age 2 to 11 years. J Am Diet Assoc.2008;108:1037-1047.

(6). U.S. Department of Agriculture, Agricultural Research Service. 2008. USDA National Nutrient Database for Standard Reference,

CLASS ACTION COMPLAINT                                        - 12 -

Release 21. Nutrient Data Laboratory Home Page, http://www.ars.usda.gov/ba/bhnrc/ndl (09003, 09206).

39.     On or around April 2009, Defendants began producing, manufacturing, advertising, packaging, labeling, distributing and selling the Immunity and Brain Development beverages throughout the United States under Nestlé's Juicy Juice product line.

40.     Since the launch of these products, Defendants have advertised, marketed and labeled the Juicy Juice Immunity and Brain Development beverages in a manner that falsely and deceptively misrepresents to consumers that the Immunity and Brain Development beverages are 100% juice products that provide immune system and brain development benefits that they do not.

41.     Despite being sold under Nestlé's Juicy Juice label and brand, the Immunity and Brain Development beverages are not 100% fruit juice. The Immunity and Brain Development beverages are juices blended with filtered water – 70% juice, 30% water. Defendants' only point-of-sale reference to the substantially reduced juice content is through a small, inconspicuous statement on the side panel of the juice package.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Juicy Juice Brain Development Beverage**



42.    DHA is an omega-3 fatty acid and is found in cold water fatty fish, seaweed and fish oil supplements.   A long chain polyunsaturated fatty acid ("LCPUFA"), DHA is highly concentrated in the phospholipid bilayer of biologically active brain and retinal neural membranes.

43.    In recent years, DHA has become a popular infant formula and baby formula additive.  Infant formulas with DHA are about 25% more expensive than un-supplemented formula.

44.    Current studies show no harmful effects of supplementing infant formula with DHA, and some studies even show some benefits to a child's visual function

CLASS ACTION COMPLAINT                                                    - 14 -

and/or cognitive and behavioral development.  However, other studies show no difference or improvement in visual function or brain development.

45.    An article in the *Journal of the American College of Nutrition*, Vol. 22, No. 2, 101-107 (2003), entitled "Efficacy and Safety of Docosahexaenoic Acid and Arachidonic Acid Addition to Infant Formulas: Can One Buy Better Vision and Intelligence?" remarks:

> After much fanfare in the lay press and aggressive marketing to the families and professionals by appealing at the emotional level that what is in the brain, eyes and human milk must be good, the infant formulas with added LCPUFA are rapidly gaining acceptance.  However, it comes with a dramatic increase in the cost of infant formula feeding by up to 25%, although there is little evidence that LCPUFA containing infant formula provides clinically significant improved vision and intelligence in healthy infants born at term. The added cost is a significant burden on the family budget and also to public nutrition funding such as the Women, Infants and Children supplemental food program which provides milk feedings to 47% of the infants in USA.

46.    The American Academy of Pediatrics has yet to take an official stand about whether or not DHA should be added to infant formula.

47.    There are no DHA-supplemented foods with FDA approval to make any specific health claims about the benefits of DHA supplementation.

48.    Despite the fact that there is no sound scientific basis - or FDA approval - to do so, Defendants affirmatively represent to consumers in advertising media and marketing materials that Juicy Juice Brain Development beverage enhances brain development because the beverage contains 16 mg of DHA per 4 fl. oz. serving.

49.    Juicy Juice Brain Development beverage prominently features the phrase "BRAIN DEVELOPMENT" on a large blue banner on the product label.

50.    The Brain Development beverage packaging deceptively implies to consumers that consuming the beverage will directly improve brain development by markedly featuring a distinct pale blue box that contains the statement: "Good to

CLASS ACTION COMPLAINT                                                    - 15 -

1  Remember.  The human brain triples in volume between birth and two years, so it's
2  never too early to start good nutrition habits."

3      51.    The product label also directs consumer to the following websites for
4  additional information:  juicyjuice.com and Nestléusa.com

5      52.    Defendants' claims on the Brain Development beverage product label,
6  correlating DHA with brain development, is a Structure/Function claim that
7  Defendants cannot substantiate and affirmatively misleads and misinforms consumers
8  because, even if there was a sound scientific link between DHA and brain
9  development, there is an exceedingly small amount of DHA - 16 mg - in a serving of
10 the product.

11     53.    Though there is no clear consensus for adequate intake of DHA for
12 infants and children, the World Health Organization ("WHO") has suggested 20mg
13 per kg of body weight per day for infants.

14     54.    The average 6-month old weighs approximately 16 lbs, or 7.25 kg.  Using
15 the WHO guidelines, the average 6-month old should consume 145 mg of DHA – 9
16 servings, or 36 fl oz of Juicy Juice Brain Development beverage.

17     55.    The average 1-year old weighs approximately 22 lbs, or 10 kg.  Using the
18 WHO guidelines, the average 1-year old should consume 200 mg of DHA – 12.5
19 servings, or 50 fl oz of Juicy Juice Brain Development beverage.

20     56.    Several sources recommend daily intake of at least 200 mg for children
21 2-6 years, which equates to 12.5 servings, or 50 fl oz of Juicy Juice Brain
22 Development beverage.

23     57.    The amount of Juicy Juice Brain Development beverage that must be
24 consumed to provide the recommended level of DHA is excessive, a fact confirmed
25 by the Juicy Juice Brain Development website, which states: "While fruit juice
26 beverages can certainly be a part of a healthy and varied diet for your child, the
27 American Academy of Pediatrics (AAP) recommends limiting to 4-6 fl. oz. of fruit
28 juice daily for children ages 1-6."

CLASS ACTION COMPLAINT                                          - 16 -

58.     Indeed, in the Policy Statement setting forth this recommendation, the AAP states that excessive juice consumption may be associated with malnutrition, diarrhea, flatulence, abdominal distention, and tooth decay.

59.     The amount of DHA in Juicy Juice Brain Development beverage, 16 mg per serving, is minuscule.  In comparison, a 3 oz serving of salmon provides 1600 mg of DHA.

60.     Furthermore, Defendants deceptively advertise and market Brain Development beverages in the regular juice section of the supermarket, alongside its standard Juicy Juice products - not in the infant and childcare section.  Despite this placement, the product labeling contains only a small print disclaimer that the DHA purported to assist brain development is limited only "[i]n children under two years old."  This placement strategy deceptively expands the market for Brain Development beverage.

61.     Defendants knew that the advertising, marketing and labeling of Juicy Juice Brain Development beverage was false and misleading because (a) whether DHA-supplementation promotes brain development is unclear, and by no means proven; and (b) assuming DHA does provide such a benefit, the amount of DHA provided by a serving of Juicy Juice Brain Development beverage is minuscule.

62.     Defendants intentionally fail to include any disclaimer on the Brain Development beverage and packaging related to the accuracy of its representations about nutrient content and/or the health benefit claims it affirmatively represents attainable from the amount DHA in each serving of its Brain Development beverage.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Juicy Juice Immunity Beverage**



63.    Defendants affirmatively represent to consumers that Juicy Juice Immunity supports immunity by the inclusion of 100% of the daily value of vitamin C and 10% of the daily value of zinc per serving and contains enough prebiotic fiber to support digestive health.

64.    Prebiotics are non-digestible food ingredients that stimulate the growth and/or activity of bacteria in the digestive system which are beneficial to the health of the body.  Traditional dietary sources of prebiotics include soybeans, Jerusalem artichoke, jicama, chicory root, raw oats, unrefined wheat, unrefined barley and yacon.

65.     Using the term as a marketing tool, without regard to whether it actually delivers any prebiotic benefits, Defendants state on the Juicy Juice Immunity label "PLUS PREBIOTIC FIBER for Digestive Health."

66.     Juicy Juice Immunity contains gum arabic.  Gum arabic is a natural gum made of hardened sap taken from two species of the acacia tree and is used as, among other things, a thickener in soft drink syrups, hard gummy candies, marshmallows and M&Ms chocolate candies.

67.     Gum arabic has only recently been shown to have a prebiotic effect and only when 10 g are consumed daily by adults.  There has been no specific research with infants or children.  The Nutrition Facts panel on Juicy Juice Immunity label indicates that an eight oz serving contains only 3 g of dietary fiber.  It is unclear what proportion of this amount is gum arabic.

68.     Juicy Juice Immunity beverage prominently features the word "IMMUNITY" on a large pink banner on the product container.  The container also features the statement: "VITAMIN C & ZINC for Immunity."

69.     This product makes structure function claims based on its fortification with vitamin C and zinc.  Both of these micronutrients play important roles in immune function.  So the claims are "to help support immunity" and "contains C and zinc for immunity."  The product contains 100% DV of vitamin C, like a lot of juices do, but it only contains 10% DV for zinc.

70.     Defendants' claims on the Immunity beverage label, correlating vitamin C and zinc with immunity, is a structure/function claim that Defendants cannot substantiate and affirmatively misleads and misinforms consumers because, while both of these play roles in immune function, there is a relatively low amount of zinc – 10% Daily Value ("DV") – in an 8 oz serving of Immunity beverage.

71.     Moreover, all Juicy Juice products contain the same percentage, 100% DV, or higher, of vitamin C as Juicy Juice Immunity.  As such, the statement "VITAMIN C & ZINC for Immunity" on the Immunity label is misleading as it

CLASS ACTION COMPLAINT                                                    - 19 -

1    causes consumers to believe that Immunity has a greater amount of vitamin C than

2    standard Juicy Juice.

3        72.    The Immunity Beverage does not improve a child's immune system or in

4    any way improve immunity.  At all relevant times, Defendants were aware that the

5    Immunity Beverage did not materially improve or support a child's immunity.

6        73.    Defendants launched the Immunity Beverage at a time when they were

7    aware of concerns regarding the pandemic H1N1 flu, and misleadingly marketed the

8    beverage to consumers as a way to improve and support their child's immune system.

9        74.    Defendants knew that the advertising, marketing and labeling of Juicy

10   Juice Immunity beverage was false and misleading because (a) Immunity contains no

11   more vitamin C that standard Juicy Juice and only 10% DV zinc; and (b) assuming

12   gum arabic does provide a prebiotic benefit, the amount of gum arabic provided by a

13   serving of Juicy Juice Immunity beverage is miniscule.

14       75.    Defendants intentionally fail to include any disclaimer on the Brain

15   Development beverage and packaging related to the accuracy of its representations

16   about nutrient content and/or the health benefit claims it affirmatively represents

17   attainable from the amount of DHA in each serving of its Brain Development

18   beverage.

19                          **Tetra Prisma Containers**

20       76.    An additional false, misleading and deceptive claim that Defendants

21   make relative to the Juicy Juice Brain Development and Immunity beverages is these

22   products are packaged in a superior manner to Juicy Juice's other products,

23   affirmatively representing to consumers that Tetra Prisma packaging is special

24   because it better maintains the "potency of the added nutrients."

25       77.    Defendants claim that Juicy Juice Brain Development and Immunity

26   beverages' "sleek 33.8 oz (1-liter) Tetra Prisma containers maintain the potency of the

27   additives in these products, stating on the Juicyjuice.com website:

28

CLASS ACTION COMPLAINT                                          - 20 -

> JUICY JUICE Brain Development and Immunity Fruit Juice Beverages come in sleek 33.8 oz (1-liter) Tetra Prisma containers to make pouring easier and maintain the potency of our added nutrients.

http://www.juicyjuice.com/Products/Brain-Development.aspx (last accessed December 10, 2009).

78.    Defendants falsely and deceptively market and advertise Juicy Juice Brain Development and Immunity beverages' product packaging as superior in preserving nutrient content.  However, Tetra Prisma containers provide no significant difference in nutrient retention as compared to other Juicy Juice packaging.

### Percent Juice Composition

79.    Defendants, through false, misleading and deceptive advertising and marketing, promote and sell the Brain Development and Immunity beverages through the Juicy Juice brand and product line, which Defendants have affirmatively and widely represented to consumers, as a 100% sugar-free juice line.  However, yet both Brain Development and Immunity beverages contain only 70% juice.

### Defendants' Marketing and Advertising Practices

80.    Defendants' nationwide advertising campaign touting the purported health benefits of Juicy Juice Brain Development and Immunity beverages has been massive and comprehensive, conveying the false and misleading statements described herein to consumers throughout the United States.  Defendants conveyed and continue to convey false and misleading claims regarding Juicy Juice Brain Development and Immunity beverages primarily through television commercials, but also through other media, including newspapers, magazines, direct mail, the internet, point of sale displays, and on the product labels.

### The Internet

81.    Defendants use the dedicated website, juicyjuice.com, to promote Juicy Juice products, including but not limited to Juicy Juice Immunity and Juicy Juice Brain Development.

CLASS ACTION COMPLAINT                                                     - 21 -

82.     Defendants created a section of juicyjuice.com, juicyjuice.com/Brain-Development-And-Immunity, to exclusively promote Juicy Juice Immunity and Juicy Juice Brain Development.

83.     Defendants maintain a section on juicyjuice.com titled "Tips & Articles" which is designed and intended to persuade consumers of the benefits of the Brain Development and Immunity beverages.  In fact, stating in part:  "[g]et great tips and the latest expert information on how you can help support your child's early childhood brain development and immune system."

84.     Defendants misrepresent the benefit of the Brain Development beverage by intimating to parents that the product can "help her shine a little more every day," as set forth on juicyjuice.com:

> Juicy Juicy Fruit Juice Beverage is enhanced with DHA, an essential building block for brain development, and comes in delicious apple and grape flavors. So you can help her shine a little more every day.

http://www.juicyjuice.com/Products/Brain-Development.aspx     (last     accessed, December 10, 2009).

85.     Defendants maintain a section on juicyjuice.com website titled "Products" and a subsection of "FAQs" that represents the following to consumers, in part, about relevant to Juicy Juice Brain Development and Immunity beverages:

**1. What is in NESTLÉ JUICY JUICE BRAIN DEVELOPMENT Fruit Juice Beverage?**

NESTLÉ **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage contains DHA, also known as Docosahexaenoic acid, which is an omega-3 fatty acid present in many parts of the body.  There are 16 mg of DHA per 4 fl. oz. serving.

**2. How much and at what age can I begin serving NESTLÉ JUICY JUICE BRAIN DEVELOPMENT Fruit Juice Beverage to my child?**

The best time for your child to start drinking fruit juice beverages is when he or she is ready to start drinking from a cup.  This typically

happens around 6 to 8 months of age. While fruit juice beverages can certainly be a part of a healthy and varied diet for your child, the American Academy of Pediatrics (AAP) recommends limiting to 4-6 fl. oz. of fruit juice daily for children ages 1-6. If you are unsure, consult your pediatrician.

**3.  What is DHA and where does it come from?**

Docosahexaenoic Acid (DHA) is a type of Omega-3 fatty acid. It is found naturally in most tissues of the body and accounts for up to 20 percent of total brain mass.  The DHA in NESTLÉ **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage is derived from highly refined tuna fish oil.

While DHA is naturally found in breast milk, once infants move on to eating more solid foods, primary food sources of DHA include oily fish (like herring, salmon, sardines, rainbow trout, canned tuna), and organ meats. More food products are now being fortified with DHA so that children and adults can benefit from this important nutrient.

**4. Why is DHA good for my child?**

DHA is a building block for the brain in infants; according to research, DHA may help support early-age brain and eye development.

DHA is naturally found in breast milk, and experts often recommend infant formula fortified with DHA for children who are not breastfeeding. (Kris-Etherton 2007)  **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage with DHA is a smart choice for parents who are ready to introduce juice beverages into their baby's diet.

**5.  Is there such a thing as too much DHA?**

Adequate intake of alpha-linolenic acid (ALA), the parent compound of docosahexaenoic acid (DHA) for kids ranges from 500 mg per day for infants to 1600 mg per day for teen-aged boys.  Because the US population generally consume lower intakes of fish (and hence DHA) compared to populations in some other countries, it is unlikely that one will get too much DHA in the diet.

**6.  My kids like eating fish. Do they need more DHA?**

CLASS ACTION COMPLAINT                                               - 23 -

Health authorities recommend eating two to three fish meals weekly for overall health.  For variety in the diet, it may be advantageous to get DHA from various food sources.  **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage is a kid-friendly juice beverage which provides 16mg of DHA per 4 fl. oz. serving.

**7.   What is in NESTLÉ JUICY JUICE IMMUNITY Fruit Juice Beverage?**

NESTLÉ **JUICY JUICE IMMUNITY** Fruit Juice Beverage contains Vitamin C and Zinc which are essential for a healthy immune system, and Prebiotic Fiber to help maintain a healthy digestive system.

**8.  How much and at what age can I begin serving NESTLÉ JUICY JUICE IMMUNITY Fruit Juice Beverage to my child?**

The best time for your child to start drinking fruit juice beverages is when he or she is ready to start drinking from a cup. This typically happens around 6 to 8 months of age.  While fruit juice beverages can certainly be a part of a healthy and varied diet for your child, the American Academy of Pediatrics (AAP) recommends limiting to 4-6 fl. oz. of fruit juice daily for children ages 1-6. If you are unsure, consult your pediatrician.

**9.   What is zinc?**

Zinc is an essential mineral that supports a healthy immune system and promotes the normal growth and development of a child. A serving of NESTLÉ **JUICY JUICE IMMUNITY** Fruit Juice Beverage contains 10% of the daily value for Zinc.

**10.   What is prebiotic fiber? Is that the same as probiotics?**

Prebiotic fiber is a non-digestible carbohydrate that promotes the growth of beneficial bacteria (probiotics) that already live in the digestive tract. By helping the good bacteria flourish, a balanced environment in the digestive system is achieved and this helps maintain a healthy digestive system.

**11.   What is Gum Acacia and what is the source?**

> Gum acacia, also called gum arabic, is a type of prebiotic fiber that is widely used in the food industry as an emulsifier and stabilizer. It is purified from the resin of Acacia trees in Africa.

86.     Juicyjuice.com contains a section that offers an "Immunity Quiz" and a "Brain Development Quiz."  At the close of the immunity quiz, consumers are urged to:

> Now, try a delicious way to support a healthy immune system with new Juicy Juice Immunity Fruit Juice Beverage, containing vitamin C and Zinc, plus prebiotic fiber for digestive health.

87.     At the close of the "Brain Development Quiz," consumers are told that:

> Juicy Juice Fruit Juice Beverage with DHA- the best first juice you can give your baby. Made with natural ingredients and no sugar added, you'll be pleased with the nutrients.  Your child will love the taste.

http://www.juicyjuice.com/Brain-Development-And-Immunity/FAQs.aspx   (last accessed, December 10, 2009).

88.     Defendants utilize a Twitter feed, twitter.com/juicyjuiceusa, into ads placed in various places on the Internet, particularly websites specifically targeting mothers such as BabyCenter.com and CafeMom.com.  The ads will pose questions such as "How do you stimulate your child's mind?" to which mothers – or anyone – can tweet responses that will show up in the ads.

89.     Defendants maintain a channel on YouTube, www.youtube.com/juicyjuice, which contains programs entitled "Early Childhood Brain Development with Dr. Yinka Davies," "Healthy Digestion with Dr. Yinka Davies" and "Five Ways to Boost Immunity with Dr. Yinka Davies," as well as a number of games, such as tic tac toe, for children.

90.     Defendants' YouTube channel contains the following statement on the front page:

> NESTLÉ® JUICY JUICE® is excited to introduce two new products. Introducing NEW Juicy Juice Brain Development and Immunity Fruit Juice Beverages! For more than 25 years, Juicy Juice has helped parents

CLASS ACTION COMPLAINT                                        - 25 -

raise healthy kids by providing them with a wide variety of nutritious and delicious juice options.

http://www.youtube.com/user/juicyjuice (last accessed, December 10, 2009).

91.    Defendants represent Dr. Yinka Davies as an "Expert" and state the following about her:

> We're here to help by offering engaging, informative and educational videos covering some of the most important topics in child development featuring our noted pediatric expert, Dr. Yinka Davies.
>
> An award-winning pediatrician, Dr. Davies practices Pediatric Gastroenterology near Sacramento, CA and she's a Clinical Adjunct Professor at Stanford University.  In addition to her many clinical achievements, she brings the experience of yet another major accomplishment-motherhood.
>
> Juicy Juice is very proud to have Dr. Davies as their distinguished expert. So let Dr. Davies share her tips and advice with you!

http://www.juicyjuice.com/Experts/Expert-Videos.aspx (last accessed, December 10, 2009).

### Damages to Plaintiff and the Class

92.    Defendants' inaccurate, false, deceptive and misleading advertising, marketing, promotion and labeling, including but not limited to, statements regarding nutrient content health benefits, packaging benefits, and use of expert advice and affirmations, and other such related misconduct alleged herein, directly and proximately caused Plaintiff and the Class to suffer injury and damage to their property.  Plaintiff and the Class have suffered financial loss, been deprived of property, and have otherwise been damaged by Defendants' misconduct.  As a result of Defendants' deceptive marketing scheme, as set forth herein, Plaintiff and the Class were misled into paying more for Juicy Juice Immunity and Juicy Juice Brain Development beverages than they would have but for Defendants' representations, resulting in suffering injury in fact and a loss of money or property.

CLASS ACTION COMPLAINT                                                    - 26 -

93.     Neither Juicy Juice Immunity nor Juicy Juice Brain Development beverages actually provide the immunity and brain development health benefits affirmatively represented to consumers.

94.     In fact, Juicy Juice Immunity and Juicy Juice Brain Development beverages actually contain less fruit juice, are no more nutritious and offer no additional health benefits as compared to substantially cheaper Juicy Juice products:

| Juicy Juice Harvest Surprise | 100% juice | 46.0 oz - $3.29 | $0.07 per oz |
| Juicy Juice | 100% juice | 46.0 oz - $2.59 | $0.06 per oz |
| Brain Development | 70% juice | 33.8 oz - $2.99 | $0.09 per oz |
| Immunity | 70% juice | 33.8 oz - $2.99 | $0.09 per oz |

**FIRST CLAIM FOR RELIEF**
**(Violation of California Business & Professions Code**
**Section 17200 *et seq.* - Unfair Conduct)**

95.     Plaintiff realleges the preceding paragraphs 1 through 94 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

96.     Under California Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

97.     Defendants have engaged, and continue to engage, in conduct which is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.  This conduct includes, but is not limited to: (1) representing to consumers that consumption of Juicy Juice Brain Development beverage will provide brain development benefits that it does not; (2) representing to consumers that consumption of Juicy Juice Immunity beverage will provide immune system benefits that it does not; (3) representing to consumers that consumption of Juicy Juice Immunity beverage

CLASS ACTION COMPLAINT                                              - 27 -

will provide digestive system benefits that it does not; (4) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages are 100% juice; and (5) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages are packaged in containers that provide superior maintenance of potency.  Defendants deceive consumers into purchasing Juicy Juice Immunity and Juicy Juice Brain Development beverages in the mistaken belief that, among other things, the persons consuming these products will realize actual health benefits.  Defendants' scheme was and is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.

98.     By committing the acts alleged above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business & Professions Code § 17200.

99.     Plaintiff and the Class have all paid money for Juicy Juice Immunity and Juicy Juice Brain Development beverages.  However, Plaintiff and the Class did not obtain the full value of the advertised products due to Defendants' misrepresentations regarding the health benefits of said products.  Accordingly, Plaintiff and the Class have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

100.    An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

101.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

102.    Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

CLASS ACTION COMPLAINT                                                - 28 -

**SECOND CLAIM FOR RELIEF**
**(Violation of California Business & Professions Code**
**Section 17200 *et seq.* - Fraudulent Conduct)**

103.    Plaintiff realleges the preceding paragraphs 1 through 102 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

104.    Under California Business & Professions Code § 17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

105.    Defendants have engaged and continue to engage in conduct that is likely to deceive Plaintiff and members of the Class, all of whom are members of the general public.  This conduct includes, but is not limited to: (1) representing to consumers that consumption of Juicy Juice Brain Development beverage will provide brain development benefits that it does not; (2) representing to consumers that consumption of Juicy Juice Immunity beverage will provide immune system benefits that it does not; (3) representing to consumers that consumption of Juicy Juice Immunity beverage will provide digestive system benefits that it does not; (4) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages are 100% juice;  and (5) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages are packaged in containers that provide superior maintenance of potency.  Defendants deceive consumers into purchasing Juicy Juice Immunity and Juicy Juice Brain Development beverages in the mistaken belief that, among other things, the persons consuming these products will realize actual health benefits.

106.    The health benefits that were the basis of the misrepresentation of Defendants described herein as especially important to the purchasers of Juicy Juice Immunity and Juicy Juice Brain Development beverages including Plaintiff and the Class.

107.   By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200.

108.   Plaintiff and the Class have all paid money for Juicy Juice Immunity and/or Juicy Juice Brain Development beverages.

109.   However, Plaintiff and the Class did not obtain the full value of the advertised Service due to Defendants' misrepresentations regarding the health benefits of said products.  Accordingly, Plaintiff and the Class have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

110.   An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

### THIRD CLAIM FOR RELIEF
**(Violation of California Business & Professions Code § 17500 *et seq.*)**

111.   Plaintiff realleges the preceding paragraphs 1 through 110 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

112.   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

113.   Class members have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth above.

114.   Defendants engaged in advertising and marketing to the public and offered for sale Juicy Juice Immunity and Juicy Juice Brain Development beverages on a nationwide basis, including in California.

115.   Defendants engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the sale of Juicy Juice Immunity and Juicy Juice Brain Development beverages to customers like Plaintiff and the Class.

116.    Defendants' advertisements and marketing representations regarding the characteristics of Juicy Juice Immunity and Juicy Juice Brain Development beverages were false, misleading and deceptive as set forth more fully above.

117.    At the time Defendants made and disseminated the statements alleged herein, Defendants knew, or should have known, that the statements were untrue or misleading, and acted in violation of Cal. Bus. & Prof. Code §17500 *et seq.*

118.    Plaintiff seeks restitution, injunctive relief, and all other relief allowable under Cal. Bus. & Prof. Code §17500 *et seq.*

### FOURTH CLAIM FOR RELIEF
#### (Violation of California Civil Code § 1709)

119.    Plaintiff realleges the preceding paragraphs 1 through 118 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

120.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

121.    Class members have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth above.

122.    As set forth in detail above, Defendants produce, manufacture, advertise, package, label, distribute and sell Juicy Juice Immunity and Juicy Juice Brain Development beverages as having special benefits associated with inclusion of DHA, vitamin C, zinc and prebiotic fiber, when, in fact, neither beverage contained sufficient amounts of said nutrients to substantiate the health claims Defendants associated with Juicy Juice Immunity and Juicy Juice Brain Development beverages, and other companies produce and sell equally or more nutritious juice beverages for less cost.

123.    Defendants falsely, deceptively and misleadingly promote and advertise Juicy Juice Immunity and Juicy Juice Brain Development beverages under its 100%

CLASS ACTION COMPLAINT                                      - 31 -

juice product line, Juicy Juice, despite the fact that neither beverage contains 100% fruit juice.

124.   Defendants falsely, deceptively and misleadingly, promote and advertise the packaging of the Juicy Juice Immunity and Juicy Juice Brain Development beverages as having superior nutrient retaining capabilities.

125.   Defendants, through alleged false, deceptive and misleading advertising, marketing, labeling  and other promotion of Juicy Juice Immunity and Juicy Juice Brain Development beverages herein, are making uniform representations and omissions that Defendants are under a duty to disclose based on Defendants' other statements of material fact regarding their products.

126.   Defendants engaged in such acts either knowing or reasonably or recklessly disregarding the fact such acts and omissions were, and are, in fact, false or misleading.

127.   The misrepresentations described herein, false and/or deceptive acts and omissions involve material facts in that they were a substantial factor in the decisions made by Plaintiff and members of the Class to purchase Juicy Juice Immunity and Juicy Juice Brain Development beverages.  Specifically, Plaintiff and the other members of the Class reasonably relied on misrepresentations including, but not limited to, the representations that the products provided important health benefits, were nutritionally superior to alternative juice drinks, and were packaged in a manner that better prevented nutrient depletion as compared to other juice packaging.

128.   Plaintiff and other members of Class would have acted differently had they not been misled in that they would not have paid the full amount of money that they did for Juicy Juice Immunity and Juicy Juice Brain Development beverages, or even purchased Juicy Juice Immunity and Juicy Juice Brain Development beverages at all, had the full facts been disclosed.

129.   Defendants had and have a duty to correct the misinformation Defendants disseminated through advertising, marketing and other promotion of Juicy Juice

Immunity and Juicy Juice Brain Development beverages based on their other statements of material fact detailed above.  By not informing Plaintiff and other members of the Class, Defendants breached this duty.

130.   Defendants intended to induce Plaintiff and other members of the Class to alter their position to their detriment, and they in fact did so, based on such statements.

131.   Plaintiff and members of the Class had a reasonable expectation that the Juicy Juice Immunity and Juicy Juice Brain Development beverages they were purchasing were accurately advertised, labeled, marketed and promoted and, as such, provided the health benefits and other such benefits Defendants claimed.

132.   Plaintiff and members of the Class were damaged by Defendants, as they justifiably and reasonably relied on Defendants' misrepresentations.

133.   As a result of Defendants' deceit, misrepresentations and/or omissions, Plaintiff and other members of the Class have suffered damages in an amount equal to the amount they paid for Juicy Juice Immunity and Juicy Juice Brain Development beverages or the inflated prices they paid.  The exact amount of these damages will be proven at trial.

134.   Based on the facts detailed above, Defendants acted with intent to deceive, or with reckless or negligent disregard of the rights of Plaintiff and other members of the Class, thereby acting with oppression, fraud or malice.  Plaintiff and the Class members are therefore also entitled to punitive damages

## FIFTH CLAIM FOR RELIEF
### (Violation of California Business & Professions Code § 17200 *et seq.* - Unlawful Conduct)

135.   Plaintiff realleges the preceding paragraphs 1 through 134 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

136.   The violation of any law constitutes an unlawful business practice under California Business & Professions Code § 17200.

CLASS ACTION COMPLAINT                                         - 33 -

137.   As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the products in violation of Cal. Civ. Code § 1709 and California Business & Professions Code § 17500 *et seq.*

138.   By violating these laws, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200.

139.   Plaintiff and the Class have all paid money for Juicy Juice Immunity and/or Juicy Juice Brain Development beverages.  However, Plaintiff and the Class did not obtain the full value of the advertised products due to Defendants' misrepresentations regarding the health benefits of said products.  Accordingly, Plaintiff and the Class have suffered injury in fact and lost money or property as a result of Defendants' acts of false advertising.

140.   An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

## **PRAYER FOR RELIEF**

141.   WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.   That the Court determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure;

B.   That the Court adjudge and decree that Defendants have engaged in the conduct alleged herein;

C.   That the Defendants be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining, or engaging in the unfair, unlawful, and/or deceptive practices alleged herein;

D.   For restitutionary disgorgement pursuant to, without limitation, California Business & Professions Code §§17200 *et seq.* and 17500 *et seq.* and principles of unjust enrichment;

CLASS ACTION COMPLAINT                                                                    - 34 -

1        E.    For declaratory and injunctive relief pursuant to, without limitation,

2    California Business & Professions Code §§17200 *et seq.* and 17500 *et seq.* and Code

3    of Civil Procedure §1060;

4        F.    For the violation of Civil Code §1709 only, an award of compensatory

5    and exemplary damages, the amount of which is to be determined at trial;

6        G.    That Plaintiff and the Class members be awarded restitution, including

7    disgorgement of profits obtained by Defendants as a result of their acts of unfair,

8    unlawful or deceptive practices and acts of unjust enrichment and breach of the

9    covenant of good faith and fair dealing;

10       H.    That Plaintiff and the Class members be awarded both pre-and post-

11    judgment interest at the maximum allowable rate on any amounts awarded;

12       I.    That Plaintiff and the Class members recover their costs of suit, including

13    reasonable attorneys' fees as provided by law; and

14       J.    That Plaintiff and the Class members be awarded such other and further

15    relief as may be necessary and appropriate.

16    **JURY DEMAND**

17    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the

18    Constitution of the United States, Plaintiff and the Class members demand a trial by

19    jury for all issues so triable.

20    Dated: December 15, 2009          SCOTT+SCOTT LLP

21

22                                     CHRISTOPHER M. BURKE (214799)

23                                     Hal D. Cunningham (243048)
Joseph P. Guglielmo

24                                     SCOTT+SCOTT LLP
6424 Santa Monica Blvd.

25                                     Los Angeles, CA 90038
Telephone: (213) 985-1274

26                                     Fax: (213) 985-1278

27                                     Email:  cburke@scott-scott.com
                                                 hcunningham@scott-scott.com

28                                                 jguglielmo@scott-scott.com

CLASS ACTION COMPLAINT                                - 35 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert Foote
Matthew J. Herman
Craig Mielke
FOOTE, MEYERS, MIELKE &
FLOWERS, LLC.
28 North First St., Suite 2
Geneva, IL 60134
Telephone: (630) 232-6333
Fax: (630) 845-8982
Email:  rmf@foote-meyers.com
              mherman@foote-meyers.com
              cmielke@foote-meyers.com

Kathleen C. Chavez
CHAVEZ LAW FIRM P.C.
28 North First St., Suite 2
Geneva, IL 60134
Telephone: (630) 232-4480
Fax: (630) 845-8982
Email: gkeg4@aol.com

Peter L. Currie
THE LAW FIRM OF PETER L.
CURRIE, P.C.
536 Wing Lane
St. Charles, IL 60174
Telephone: (630) 862-1130
Fax: (630) 845-8982
Email: plclaw05@aol.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard, Ste B
Oak Park, IL  60301
Telephone: (708) 776-5604
Fax: (708) 776-5601
beth@hbsslaw.com

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT                                                    - 36 -

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> MAURICIO CHAVEZ | **DEFENDANTS** <br> NESTLE USA, INC. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Christopher M. Burke, Scott+Scott LLP, 6424 Santa Monica Blvd., Los Angeles, CA 90038, 213/ 985-1274 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332 (d) Plaintiff is a citizen of a state different than defendant

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-9192

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  12/19/09

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Christopher M. Burke (Cal. Bar #214799)
SCOTT+SCOTT LLP
6424 Santa Monica Blvd.
Los Angeles, CA 90038
213/ 985-1274

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO CHAVEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>NESTLE USA, Inc., a Delaware Corporation and DOES 1 through 100,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-9192 RGWL (CWx)<br><br>SUMMONS |

TO:   DEFENDANT(S): NESTLE USA, Inc. _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher M. Burke_____, whose address is _6424 Santa Monica Blvd., Los Angeles, CA 90038_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __15 DEC 2009_____     By: ___SHEA BOURGEOIS_____
                                              Deputy Clerk

                                              SEAL

                                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                        SUMMONS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV09- 9192 RSWL (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=== === === === === === === === === === === === === === === === === === === === === === === === === == =:

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

*Failure to file at the proper location will result in your documents being returned to you.*

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY