1  KIESEL BOUCHER LARSON LLP
   Raymond P. Boucher (115364)
2  8648 Wilshire Boulevard
   Beverly Hills, CA 90211-2910
3  Telephone: (310) 854-4444
   Fax: (310) 854-0812
4  Email: boucher@kbla.com

5

6  [Additional Counsel on Signature Page.]

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11 MAURICIO CHAVEZ, individually and ) Case No. CV09-9192 GW (CWx)
   on behalf of all others similarly situated, )
12                                           ) Judge George H. Wu
              Plaintiff,                      )
13                                           ) Magistrate Judge Carla Woehrle
                                             )
14        vs.                                )
                                             )
15 NESTLÉ USA, INC., a Delaware             )
   Corporation,                             ) FIRST AMENDED CONSOLIDATED
16                                           ) CLASS ACTION COMPLAINT
              Defendant.                      )
17                                           )
   _____       )
18 VINCENT BONSIGNORE and                   ) JURY TRIAL DEMANDED
   ZANETTA TADDESSE-                        )
19 BONSIGNORE, individually and on          )
   behalf of all others similarly situated,  )
20                                           )
21            Plaintiffs,                     )
                                             )
22        vs.                                )
                                             )
23 NESTLÉ USA, INC., a Delaware             )
   Corporation,                             )
24                                           )
25            Defendant.                      )
                                             )
26

27

28 FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT   Case No. CV09-9192 GW (CWx)

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1   |   Plaintiffs Mauricio Chavez, Vincent Bonsignore and Zanetta Taddesse-
2   | Bonsignore (hereinafter, "Plaintiffs"), California residents, bring this class action
3   | complaint against Defendant Nestlé USA, Inc. (hereinafter, "Nestlé"), individually
4   | and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the
5   | Federal Rules of Civil Procedure, who purchased Defendant's Juicy Juice Immunity
6   | and/or Brain Development beverages at any time from April 2009 to the present (the
7   | "Class Period"). Plaintiffs' allegations against Defendant are based upon information
8   | and belief and upon investigation of Plaintiffs' counsel, except for allegations
9   | specifically pertaining to the Plaintiffs themselves, which are based upon their
10  | personal knowledge.

11  |                          **I.     JURISDICTION AND VENUE**

12  |   1.     This Court has jurisdiction over this class action under 28 U.S.C.
13  | §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"),
14  | provides federal courts original jurisdiction over any class action in which any
15  | member of a class of plaintiffs is a citizen of a state different from any defendant, and
16  | in which the matter in controversy exceeds in the aggregate the sum of $5 million,
17  | exclusive of interest and costs.  Plaintiffs seek certification of a class of all persons
18  | who purchased Juicy Juice Immunity and/or Brain Development beverages from April
19  | 2009 to the present.  Such persons reside in the 50 United States and the District of
20  | Columbia.  Defendant is a citizen of California and/or Delaware.  The amount in
21  | controversy, exclusive of interest and costs, exceeds $5 million.

22  |   2.     The Court has personal jurisdiction over Defendant because Defendant
23  | Nestlé is headquartered in Glendale, California and thus has sufficient minimum
24  | contacts with this District and California.  Additionally, jurisdiction is also appropriate
25  | as Defendant Nestlé otherwise intentionally avails itself of the California market
26  | through its marketing and sales of the products in the State of California and/or by
27  | having such other contacts with California so as to render the exercise of jurisdiction
28  |

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

1    over it by the California courts consistent with traditional notions of fair play and

2    substantial justice.

3        3.    Venue is proper pursuant to 28 U.S.C. §1391(a) because Nestlé is

4    headquartered in this District, its principal offices are located in this District, a

5    substantial part of the development of the advertising and marketing giving rise to the

6    claims occurred in this District and because the Court has personal jurisdiction over

7    Defendant.

8        4.    No other forum would be more convenient for the parties and witnesses

9    to litigate this action.

10       5.    California law applies to all claims set forth in this Complaint as

11   Defendant Nestlé is a California resident, its principal offices are located in this

12   District, a substantial part of the development of the advertising and marketing giving

13   rise to the claims occurred in this District and all of the misconduct alleged herein was

14   contrived, implemented, and has a shared nexus within California.

15                        **II.    NATURE OF ACTION**

16       6.    This is a putative class action on behalf of a nationwide class seeking

17   redress for Defendant's deceptive practices in its marketing and advertising of Juicy

18   Juice Brain Development ("Brain Development") and Juicy Juice Immunity

19   ("Immunity") juice products.

20       7.    Parents are increasingly health conscious and, as a result, many parents

21   are interested in healthier juice alternatives.

22       8.    Juicy Juice is specifically marketed, advertised toward children and their

23   parents who are the purchasers of these products.

24       9.    Specifically, during the Class Period, Defendant engaged in a marketing

25   and advertising campaign to promote and sell Brain Development and Immunity juice

26   products.  These products were marketed, advertised and sold to Plaintiffs and other

27   Class members as a premium juice product providing substantial added benefits at a

28

1   substantially higher price (20% to 30% higher) than other juice products, including
2   Nestlé's other Juicy Juice beverages.

3       10.     Brain Development is deceptively promoted by Defendant as containing
4   DHA and other additives that will enhance brain development in children. Immunity,
5   likewise, is deceptively promoted as containing probiotics that will benefit immunity
6   and digestive health in children. Both products' claims are unsubstantiated by fact
7   and misled Plaintiffs and other Class members into believing that a child's
8   consumption of these products will provide the specific benefits claimed by
9   Defendant.

10      11.     The central message of Defendant's marketing and advertising is that
11  Brain Development and Immunity are superior products to other juices and provide
12  benefits such as increased brain development and immunity function. As discussed in
13  more detail herein, Defendant additionally markets, advertises, promotes and sells
14  Brain Development juice product by falsely representing that this product provides the
15  brain development that it does not and that it is 100% juice. Defendant additionally
16  markets, advertises, promotes and sells Immunity juice product by falsely representing
17  that this product provides digestive system and immunity benefits that it does not and
18  that it is 100% juice. Furthermore, Defendant markets, advertises, promotes and sells
19  both products by falsely representing the juice composition of the products. For
20  example, the primary ingredient of the Brain Development "GRAPE" is apple juice,
21  despite the name of the product "GRAPE" and a depiction of grapes which is
22  prominently displayed on the product.

23      12.     As a result of the deceptive marketing, advertising, and promotion,
24  Defendant has generated substantial revenues from the sale of Brain Development and
25  Immunity.

26                           **III.   PARTIES**

27      13.     Plaintiff Mauricio Chavez resides in San Diego County and is a citizen of
28  the State of California.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

3

1    14.    During the Class Period, in November and December 2009, Plaintiff
2    Chavez purchased both Juicy Juice Immunity and Brain Development beverages.
3    Plaintiff Chavez purchased both beverages at Ralphs Grocery located in San Diego
4    County, California for consumption by his children.

5    15.    In purchasing the Brain Development and Immunity juices, Plaintiff
6    Chavez specifically relied upon the representations made on the front of the products
7    and the message conveyed by these products – that by offering these beverages to his
8    children, he would be improving his children's brain development, immune systems
9    and their digestive health.

10   16.    Plaintiffs Vincent Bonsignore and Zanetta Taddesse-Bonsignore reside in
11   Ventura County and are citizens of the State of California.

12   17.    Throughout the Class Period, Plaintiffs Bonsignore purchased both Juicy
13   Juice Immunity and Brain Development beverages at Ralphs Grocery and Longs
14   Drugs in Ventura County for consumption by their children, and, in doing so, relied
15   upon false and misleading statements that were prepared by and/or approved by the
16   Defendant through these products' packaging, marketing materials and advertising
17   media.

18   18.    Specifically, the Bonsignore Plaintiffs saw print and TV advertisements
19   as well as packaging statements that made the claim that Juicy Juice Immunity would
20   aid children's immune systems, which the Bonsignore Plaintiffs took to mean that
21   their children would get sick less often if they drank Juicy Juice Immunity.  The
22   Bonsignore Plaintiffs also saw similar advertisements for Juicy Juice Brain
23   Development, which they understood promised that drinking Juicy Juice Brain
24   Development product would help their children's brains develop, which they took to
25   mean that it contained ingredients that would help them to become smarter or
26   understand things better.  All of this advertising influenced the Bonsignore Plaintiffs
27   to buy these products, as did the product packaging which the Bonsignore Plaintiffs
28   read before first purchasing the products.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT       Case No. CV09-9192 GW (CWx)

19.     Defendant Nestlé is organized and existing under the laws of Delaware, with its corporate headquarters and principal place of business located at 800 North Brand Boulevard, Glendale, CA 91203.  Nestlé is a citizen of either California and/or Delaware.  Nestlé was and is doing business within this Judicial District.  According to an October 7, 2002 investor presentation, Nestlé generated $11 billion in sales in 2001, with the beverages division accounting for $1.3 billion, or 8.4% of sales. According to the report, Juicy Juice accounted for $415 million in sales.

20.     Defendant, upon becoming involved with the manufacture, distribution, advertising, marketing and sale of Juicy Juice Immunity and Brain Development beverages knew or should have known that Defendant's claims regarding Juicy Juice Immunity and Brain Development beverages, including, but not limited to, claims regarding these products' effect on immunity or brain development, were false and misleading.

21.     Defendant is aware that it does not possess requisite scientific evidence to substantiate Defendant's claims regarding Juicy Juice Immunity and Brain Development beverages, including, but not limited to, claims regarding these products' effect on immunity or brain development.   Defendant affirmatively misrepresents, among other things, the effect of Immunity and Brain Development juice products on immunity and brain development in order to convince the public to purchase and use these products.

## V.     ALLEGATIONS OF FACT

22.     In April 2009, Defendant launched two new products, Juicy Juice Immunity and Juicy Juice Brain Development.

23.     In the April 6, 2009 press release announcing the products, Defendant stated:

> GLENDALE, Calif., April 6 (FoodBizDaily) – Nestlé Juicy Juice is premiering two products designed to benefit children during different stages of their growth and development. Juicy Juice Brain Development and Juicy Juice Immunity are fruit juice beverages made with natural

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT       Case No. CV09-9192 GW (CWx)

5

ingredients, fortified with important nutrients and blended with filtered water to naturally lower the sugar and calorie content.

**Juicy Juice Brain Development** is the only children's fruit juice beverage on the market currently offering DHA, which makes it a great first juice beverage choice for 1-2 year-olds. DHA acts as a building block for brain development during a child's first two years of life[1], when their brains triple in size, and experts often recommend infant formula fortified with DHA for children who are not breastfeeding (breast milk is a natural source of DHA)[2]. During this important developmental phase, Juicy Juice Brain Development, which contains 16mg of DHA per serving, is designed to provide children who are old enough to drink juice (according to recommendations by the American Academy of Pediatrics)[3] with continued DHA in their diet.

**Juicy Juice Immunity** helps support a healthy immune and digestive system by offering beneficial nutrients, including zinc, vitamin C and prebiotic fiber. Both vitamin C and zinc are essential nutrients in a child's everyday diet, as neither can be produced by the body and must be replenished on a regular basis. Fiber is also highly important in a child's diet. In fact, according to The Dietary Guidelines for Americans, the dietary intake of fiber for children may be low enough to be of concern for children and adolescents.[4] Children three to five years old consume only 11.4 grams of fiber a day on average, while the recommended amount is 25 grams per day.[5] Juicy Juice Immunity is one of the few juice beverages targeted towards children that contains prebiotic fiber. It is a good source of fiber and contains three grams per serving, which is equivalent to the amount found in a medium-sized apple.[6]

"Important nutrients such as DHA and prebiotic fiber are often difficult to incorporate into a child's diet, particularly after a child has finished breastfeeding or drinking formula, and before they are able to eat a full spectrum of food," said Dr. Yinka Davies, M.D. "Juicy Juice Brain Development and Juicy Juice Immunity are additional resources for parents to incorporate much needed nutrients into their child's diet, while still giving them the great tasting fruit juice beverages that they love."

Like all Juicy Juice products, Juicy Juice Brain Development and Juicy Juice Immunity are made with all-natural fruit juice and no added sugars, preservatives or artificial flavors or colors. What is unique about these

new Juicy Juice products is that the juices are blended with filtered water (70 percent juice, 30 percent water), which results in fewer calories and a reduced amount of naturally occurring sugars. The reduction of sugar and calories through dilution, coupled with essential nutrient enhancement, make Juicy Juice Brain Development and Juicy Juice Immunity a unique and convenient option in the children's beverage category.

"Juicy Juice recognized the need for a beverage that accommodated mom's priorities related to her child's diet," said Victoria Nuevo-Celeste, Nestlé Juicy Juice Marketing Manager. "Juicy Juice Brain Development and Juicy Juice Immunity offer excellent value for mom. They provide important nutrients while also helping mom control her child's calorie and sugar intake."

New Juicy Juice Brain Development is available in Apple and Grape, and New Juicy Juice Immunity is available in Apple and Berry. Both beverages are sold in 33.8 fluid ounce (1 liter) Tetra cartons and can be found in the juice aisle of grocery stores across the United States. Juicy Juice Brain Development and Juicy Juice Immunity are shelf stable products, and the suggested retail price is $2.99. For more information, please visit http://www.juicyjuice.com/Brain-Development-And-Immunity/Default.aspx.

About Nestlé USA

Named one of "America's Most Admired Food Companies" in Fortune magazine for the eleventh consecutive year, Nestlé USA provides quality brands and products that bring flavor to life every day. From nutritious meals with Lean Cuisine(R) to baking traditions with Nestlé(R) Toll House(R), Nestlé USA makes delicious, convenient, and nutritious food and beverage products that enrich the very experience of life itself. That's what "Nestlé. Good Food, Good Life" is all about. Nestlé USA, with 2007 sales of $8.25 billion, is part of Nestlé S.A. in Vevey, Switzerland - the world's largest food company - with sales of $90 billion. For product news and information, visit Nestléusa.com or NestléNewsroom.com.

(1). Al MDM, Hornstra G. Long-chain polyunsaturated fatty acids, pregnancy, and pregnancy outcome. Am J Clin Nutr. 2000;71(suppl):285S-291S.

(2). Innis SM. Dietary omega 3 fatty acids and the developing brain. Brain Res. 2008. Sep. 9;35-43.

(3). Committee on Nutrition.  The use and misuse of fruit juice in pediatrics. Pediatrics. 2001;107(5):1210-1213.

(4). U.S. Department of Health and Human Services and U.S. Department of Agriculture. Dietary Guidelines for Americans, 2005. 6th Edition, Washington, DC: U.S. Government Printing Office, January 2005. http://www.health.gov/dietaryguidelines/dga2005/document/html/ chapter2.htm.

(5). Niklas TA, Hayes D. Position of the American Dietetic Association: Guidance for health children age 2 to 11 years. J Am Diet Assoc. 2008;108:1037-1047.

(6). U.S. Department of Agriculture, Agricultural Research Service. 2008.  USDA National Nutrient Database for Standard Reference, Release  21.  Nutrient  Data  Laboratory  Home  Page, http://www.ars.usda.gov/ba/bhnrc/ndl (09003, 09206).

24.    Since the launch of these products in April of 2009, Defendant has advertised, marketed, promoted and sold Juicy Juice Immunity and Brain Development beverages in a manner that falsely and deceptively misrepresents to consumers that the Immunity and Brain Development beverages provide certain enhanced benefits to the immune system and brain development of children.  Such representations, as set forth in detail below, are false and misleading to consumers.

### Juicy Juice Brain Development Beverage

25.    Seeking to cash in on parents' concerns regarding the nutritional content of the juice given to their children, Defendant created and marketed Brain Development as a new way to boost sales.

26.    The Juicy Juice Brain Development line consists of two products "grape" and "apple."

27.     Despite being sold under Nestlé's Juicy Juice brand, which is marketed specifically as containing 100% fruit juice, Brain Development is a juice beverage blended with filtered water – 70% juice, 30% water.  Defendant' only point-of-sale reference to the substantially reduced juice content is through a small, inconspicuous statement on the side panel of the juice package.

28.     The label of the Brain Development "GRAPE" is deceptive to consumers in that it is designed to imply that the product is grape juice or, at least, consists principally of grape juice.  The principal display panel and vignette identify the product as "GRAPE" in large, bold lettering outlined in purple and contains a depiction of grapes; however, grape juice is not the predominant juice in the Brain Development "GRAPE."

29.     The Juicy Juice logo in close proximity to the words "GRAPE" and a vignette of grapes leads consumers to believe that Brain Development "GRAPE" is grape juice or predominantly grape juice when, in fact, it is primarily apple juice.  The separate statement at the base of the packaging, "Flavored juice blend from concentrate with other natural flavors & added ingredients," appears in a much smaller font.  The manner in which the latter statement is presented makes it far less conspicuous and prominent than the other label statements and vignette and has and is likely to continue to deceive Plaintiffs and the Class as it is less likely to be read or understood by reasonable consumers at the time of purchase.

30.     The Brain Development label states "DHA – A BUILDING BLOCK FOR BRAIN DEVELOPMENT."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

 

22   31.    The Brain Development beverage packaging and advertising message

23   deceptively implies to consumers that children consuming the beverage will directly

24   benefit and improve brain development by markedly featuring a distinct pale blue box

25   that contains the statement: "Good to Remember.  The human brain triples in volume

26   between birth and two years, so it's never too early to start good nutrition habits."

27   32.    The product labeling contains only a miniscule print disclaimer that the

28   DHA purported to assist brain development is limited only "[i]n children under two

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

10

1  years old." Thus, for the majority of children who would be consuming the product,
2  Defendant essentially concedes that its representations of "Brain Development" are
3  not true, and are thus deceptive.  Specifically, the failure to conspicuously state that
4  such purported benefits do not apply to any consumer aged 2 or older (those most
5  likely to consume juice) makes the representation deceptive.

6      33.    The product label also directs consumer to the following websites for
7  additional information:  juicyjuice.com and Nestléusa.com.

8      34.    In this manner, Defendant's advertising, marketing, promotion and sale
9  of Brain Development is deceptive and misleading in that it makes unsubstantiated
10  claims that the product will actually provide "Brain Development."

11      35.    Defendant's marketing and advertising of Brain Development includes
12  references to DHA.  DHA is an omega-3 fatty acid and is found in cold-water fatty
13  fish, seaweed and fish oil supplements.  A long chain polyunsaturated fatty acid, DHA
14  is highly concentrated in the phospholipid bilayer of biologically active brain and
15  retinal neural membranes.

16      36.    Defendant's claims regarding DHA are unsubstantiated.

17      37.    The Food & Drug administration has made the following statement
18  regarding the efficacy of DHA in brain development:

19  > The scientific evidence is mixed. Some studies in infants suggest that
20  > including these fatty acids in infant formulas may have positive effects
   > on visual function and neural development over the short term.  Other
21  > studies in infants do not confirm these benefits.  There are no currently
   > available published reports from clinical studies that address whether any
22  > long-term beneficial effects exist.
23
24  http://www.fda.gov/Food/FoodSafety/Product-SpecificInformation/
25  InfantFormula/ConsumerInformationAboutInfantFormula/ucm108560.htm (last
   accessed on November 4, 2010).
26
27
28

38.    Thus, despite the fact that there is no substantive basis to do so, Defendant affirmatively represents to consumers in advertising media and marketing materials that Juicy Juice Brain Development beverage enhances brain development.

39.    Further, there is an exceedingly small amount of DHA - 16 mg - in a 4 oz serving of the product.  In comparison, a 3 oz serving of salmon provides 600 mg of DHA.

40.    The World Health Organization ("WHO") has suggested 20 mg per kg of body weight per day for infants to produce any potential efficacy.

41.    The average 6-month old weighs approximately 16 lbs, or 7.25 kg.  Using the WHO guidelines, the average 6-month old should consume 145 mg of DHA – 9 servings, or *36 fl oz of Juicy Juice Brain Development beverage per day*.

42.    The average 1-year old weighs approximately 22 lbs, or 10 kg.  Using the WHO guidelines, the average 1-year old should consume 200 mg of DHA – 12.5 servings, or *50 fl oz of Juicy Juice Brain Development beverage per day*.

43.    The American Academy of Pediatrics ("AAP") recommends limiting children ages 1-6 to *4-6 fl oz of fruit juice per day*.  In the policy statement setting forth this recommendation, the AAP states that excessive juice consumption may be associated with malnutrition, diarrhea, flatulence, abdominal distention, and tooth decay.  http://aappolicy.aappublications.org/cgi/content/full/pediatrics; 107/5/1210 (last accessed November 4, 2010).

44.    In this manner, Defendant's averment that Brain Development will enhance brain development by the inclusion of DHA is misleading.  Juicy Juice deceives consumers into believing that a normal serving of the product will enhance a child's brain development by providing an efficacious amount of DHA.

45.    Defendant has represented, expressly or by implication, that it possessed and relied upon a reasonable basis that substantiated the representations regarding brain development set forth in herein at the time the representations were made, when,

1  in fact, Defendant did not possess and rely upon a reasonable basis that substantiated

2  the representations set forth herein, at the time the representations were made.

3      46.    Defendant knew that the advertising, marketing and labeling of Brain

4  Development beverage was false and misleading because (a) whether DHA-

5  supplementation promotes brain development is unsubstantiated; and (b) even

6  assuming DHA does provide such a benefit, the amount of DHA provided by a

7  serving of Juicy Juice Brain Development beverage is miniscule.

8      47.    Defendant intentionally fails to include any disclaimer on the Brain

9  Development beverage and packaging related to the accuracy of its representations

10  about nutrient content and/or the health benefit claims it affirmatively represents

11  attainable from the amount DHA in each serving of its Brain Development beverage.

12             **Juicy Juice Immunity Beverage**

13      48.    Seeking to cash in on parents' concerns regarding the recent H1N1 virus

14  outbreak and the nutritional content of the juice given to their children, Defendant

15  created and marketed Immunity as a new way to boost sales.

16      49.    The Juicy Juice Immunity line consists of two products "berry" and

17  "apple."

18      50.    Despite being sold under Nestlé's Juicy Juice label and brand, which is

19  marketed specifically as containing 100% fruit juice, Immunity is a juice beverage

20  blended with filtered water - 70% juice, 30% water.  Defendant's only point-of-sale

21  reference to the substantially reduced juice content is through a small, inconspicuous

22  statement on the side panel of the juice package.

23      51.    The label of the Immunity "BERRY" is deceptive to consumers in that it

24  is designed to imply that the product is berry juice or, at least, principally berry juice.

25  The principal display panels identify the product as "BERRY" in large, bold lettering

26  outlined in blue; however, Immunity "BERRY" does not contain berry juice as the

27  predominant juice, rather it is primarily apple juice.

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT     Case No. CV09-9192 GW (CWx)

1    52.    The Juicy Juice logo in close proximity to the words "BERRY" and a

2  vignette of raspberries leads consumers to believe that Brain Development "BERRY"

3  is berry juice when, in fact, it is primarily apple juice.  The separate statement at the

4  base of the packaging, "Flavored juice blend from concentrate with other natural

5  flavors & added ingredients," appears in a much smaller font.  The manner in which

6  the latter statement is presented makes it far less conspicuous and prominent than the

7  other label statements and vignette and therefore less likely to be read or understood

8  by reasonable consumers at the time of purchase.



28    53.    The Immunity label states "HELPS SUPPORT IMMUNITY."

54. Defendant affirmatively represents to consumers that Juicy Juice Immunity supports immunity by the inclusion of 100% of the daily value of vitamin C and 10% of the daily value of zinc per serving and contains enough prebiotic fiber to support digestive health.

55. Using the term as a marketing tool, without regard to whether it actually delivers any prebiotic benefits, Defendant claims on the Juicy Juice Immunity label "PLUS PREBIOTIC FIBER for Digestive Health."

56. Prebiotics are non-digestible food ingredients that stimulate the growth and/or activity of bacteria in the digestive system which are beneficial to the health of the body. Traditional dietary sources of prebiotics include soybeans, Jerusalem artichoke, jicama, chicory root, raw oats, unrefined wheat, unrefined barley and yacon.

57. Juicy Juice Immunity contains gum arabic. Gum arabic is a natural gum made of hardened sap taken from two species of the acacia tree and is used as, among other things, a thickener in soft drink syrups, hard gummy candies, marshmallows and M&Ms chocolate candies.

58. Gum arabic has only recently been shown to have a prebiotic effect and only when 10 g are consumed daily by adults. There has been no specific research with infants or children. The Nutrition Facts panel on the Juicy Juice Immunity label indicates that an 8 oz serving contains only 3 g of dietary fiber. It is unclear what proportion of this amount is gum arabic.

59. Juicy Juice Immunity beverage prominently features the word "IMMUNITY" on a large pink banner on the product container. The container also features the statement: "VITAMIN C & ZINC for Immunity."

60. Juicy Juice Immunity beverage contains 100% Daily Value of vitamin C – just as Defendant's complete line of Juicy Juice products do – but it only contains 10% Daily Value of zinc– per 8 oz serving.

61.   Defendant's claims on the Immunity beverage label that the product supports immunity is a claim that Defendant cannot substantiate and affirmatively deceives consumers into thinking that Immunity prevents illness any more than other Juicy Juice products or the products of other manufacturers.

62.   Moreover, all Juicy Juice products contain the same percentage, 100% DV, or higher, of vitamin C as Juicy Juice Immunity.  As such, the statement "VITAMIN C & ZINC for Immunity" on the Immunity label is misleading as it causes consumers to believe that Immunity beverage has a greater amount of vitamin C than standard Juicy Juice.

63.   Juicy Juice Immunity beverage does not improve a child's immune system or in any way improve immunity.  At all relevant times, Defendant was aware that the Immunity Beverage did not materially improve or support a child's immunity.

64.   Defendant launched the Immunity Beverage at a time when it was aware of concerns regarding the pandemic H1N1 flu, and misleadingly marketed the beverage to consumers as a way to improve and support their child's immune system.

65.   Defendant has represented, expressly or by implication, that it possessed and relied upon a reasonable basis that substantiated the representations regarding immunity set forth herein at the time the representations were made, when, in fact, Defendant did not possess and rely upon a reasonable basis that substantiated the representations set forth herein, at the time the representations were made.

66.   Defendant knew that the advertising, marketing and labeling of Juicy Juice Immunity beverage was false and misleading because (a) Immunity contains no more vitamin C than standard Juicy Juice and only 10% DV zinc; and (b) assuming gum arabic does provide a prebiotic benefit, the amount of gum arabic provided by a serving of Juicy Juice Immunity beverage is miniscule.

67.   Defendant intentionally fails to include any disclaimer on the Brain Development beverage and packaging related to the accuracy of its representations about nutrient content and/or the health benefit claims it affirmatively represents

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

16

1  attainable from the amount of DHA in each serving of its Brain Development
2  beverage.

3  **Defendant' Additional Marketing and Advertising Practices**

4  68.   In addition to the false and misleading statements contained on the
5  products' packaging, Defendant's nationwide advertising campaign falsely touting the
6  purported health benefits of Juicy Juice Brain Development and Immunity beverages
7  has been massive and comprehensive, conveying the false and misleading statements
8  described herein to consumers throughout the United States.  Defendant conveyed the
9  false and misleading claims regarding Juicy Juice Brain Development and Immunity
10 beverages to Plaintiffs and other consumers throughout the United States primarily
11 through commercials, newspapers, magazines, direct mail, the internet, point-of-sale
12 displays, and on the product labels.

13 **Nestlé's Marketing and Advertising on the Internet**

14 69.   Defendant uses the dedicated website, juicyjuice.com, to promote Juicy
15 Juice products, including but not limited to, Juicy Juice Immunity and Juicy Juice
16 Brain Development.

17 70.   Defendant created a section of juicyjuice.com, juicyjuice.com/Brain-
18 Development-And-Immunity, to exclusively promote Juicy Juice Immunity and Juicy
19 Juice Brain Development.

20 71.   Defendant misrepresents the benefit of the Brain Development beverage
21 by stating on juicyjuice.com, among other things:

22 Juicy Juice Fruit Juice Beverage is enhanced with DHA, an essential
23 building block for brain development, and comes in delicious apple and
   grape flavors.  So you can help her shine a little more every day.
24
25 http://www.juicyjuice.com/Products/Brain-Development.aspx        (last       accessed,
   December 10, 2009).
26
27 72.   Defendant maintains a section on juicyjuice.com titled "Tips & Articles"
28 which is designed and intended to persuade consumers of the benefits of the Brain

Development and Immunity beverages.  In fact, stating in part: "[g]et great tips and the latest expert information on how you can help support your child's early childhood brain development and immune system."

73.     Defendant maintains a section on juicyjuice.com titled "Products" and a subsection of "FAQs" that represents the following to consumers, in part, about relevant Juicy Juice Brain Development and Immunity beverages:

**1.  What is in NESTLÉ JUICY JUICE BRAIN DEVELOPMENT Fruit Juice Beverage?**

NESTLÉ **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage contains DHA, also known as Docosahexaenoic acid, which is an omega-3 fatty acid present in many parts of the body.  There are 16 mg of DHA per 4 fl. oz serving.

**2.  How much and at what age can I begin serving NESTLÉ JUICY JUICE BRAIN DEVELOPMENT Fruit Juice Beverage to my child?**

The best time for your child to start drinking fruit juice beverages is when he or she is ready to start drinking from a cup.  This typically happens around 6 to 8 months of age.  While fruit juice beverages can certainly be a part of a healthy and varied diet for your child, the American Academy of Pediatrics (AAP) recommends limiting to 4-6 fl. oz of fruit juice daily for children ages 1-6.  If you are unsure, consult your pediatrician.

**3.  What is DHA and where does it come from?**

Docosahexaenoic Acid (DHA) is a type of Omega-3 fatty acid.  It is found naturally in most tissues of the body and accounts for up to 20 percent of total brain mass.  The DHA in NESTLÉ **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage is derived from highly refined tuna fish oil.

While DHA is naturally found in breast milk, once infants move on to eating more solid foods, primary food sources of DHA include oily fish (like herring, salmon, sardines, rainbow trout, canned tuna), and organ meats.  More food products are now being fortified with DHA so that children and adults can benefit from this important nutrient.

**4. Why is DHA good for my child?**

DHA is a building block for the brain in infants; according to research, DHA may help support early-age brain and eye development.

DHA is naturally found in breast milk, and experts often recommend infant formula fortified with DHA for children who are not breastfeeding. (Kris-Etherton 2007) **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage with DHA is a smart choice for parents who are ready to introduce juice beverages into their baby's diet.

**5. Is there such a thing as too much DHA?**

Adequate intake of alpha-linolenic acid (ALA), the parent compound of docosahexaenoic acid (DHA) for kids ranges from 500 mg per day for infants to 1600 mg per day for teen-aged boys.  Because the US population generally consume lower intakes of fish (and hence DHA) compared to populations in some other countries, it is unlikely that one will get too much DHA in the diet.

**6. My kids like eating fish. Do they need more DHA?**

Health authorities recommend eating two to three fish meals weekly for overall health.  For variety in the diet, it may be advantageous to get DHA from various food sources.  **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage is a kid-friendly juice beverage which provides 16mg of DHA per 4 fl. oz serving.

**7.  What is in NESTLÉ JUICY JUICE IMMUNITY Fruit Juice Beverage?**

NESTLÉ **JUICY JUICE IMMUNITY** Fruit Juice Beverage contains Vitamin C and Zinc which are essential for a healthy immune system, and Prebiotic Fiber to help maintain a healthy digestive system.

**8. How much and at what age can I begin serving NESTLÉ JUICY JUICE IMMUNITY Fruit Juice Beverage to my child?**

The best time for your child to start drinking fruit juice beverages is when he or she is ready to start drinking from a cup.  This typically happens around 6 to 8 months of age.  While fruit juice beverages can certainly be a part of a healthy and varied diet for your child, the

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          Case No. CV09-9192 GW (CWx)

19

American Academy of Pediatrics (AAP) recommends limiting to 4-6 fl. oz of fruit juice daily for children ages 1-6.  If you are unsure, consult your pediatrician.

**9.  What is zinc?**

Zinc is an essential mineral that supports a healthy immune system and promotes the normal growth and development of a child.  A serving of NESTLÉ **JUICY JUICE IMMUNITY** Fruit Juice Beverage contains 10% of the daily value for Zinc.

**10.  What is prebiotic fiber? Is that the same as probiotics?**

Prebiotic fiber is a non-digestible carbohydrate that promotes the growth of beneficial bacteria (probiotics) that already live in the digestive tract.  By helping the good bacteria flourish, a balanced environment in the digestive system is achieved and this helps maintain a healthy digestive system.

**11.  What is Gum Acacia and what is the source?**

Gum acacia, also called gum arabic, is a type of prebiotic fiber that is widely used in the food industry as an emulsifier and stabilizer.  It is purified from the resin of Acacia trees in Africa.

74.    Juicyjuice.com contains a section that offers an "Immunity Quiz" and a "Brain Development Quiz."  At the close of the immunity quiz, consumers are urged to:

Now, try a delicious way to support a healthy immune system with new Juicy Juice Immunity Fruit Juice Beverage, containing vitamin C and Zinc, plus prebiotic fiber for digestive health.

75.    At the close of the "Brain Development Quiz," consumers are told that:

Juicy Juice Fruit Juice Beverage with DHA- the best first juice you can give your baby.  Made with natural ingredients and no sugar added, you'll be pleased with the nutrients.  Your child will love the taste.

http://www.juicyjuice.com/Brain-Development-And-Immunity/FAQs.aspx (last accessed, December 10, 2009).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          Case No. CV09-9192 GW (CWx)

76.     Defendant utilizes a Twitter feed, twitter.com/juicyjuiceusa, into ads placed in various places on the Internet, particularly websites specifically targeting mothers such as BabyCenter.com and CafeMom.com.  The ads pose questions such as "How do you stimulate your child's mind?" to which mothers – or anyone – can tweet responses that will show up in the ads.

77.     Defendant maintains a channel on YouTube, www.youtube.com/juicyjuice, which contains programs entitled "Early Childhood Brain Development with Dr. Yinka Davies," "Healthy Digestion with Dr. Yinka Davies" and "Five Ways to Boost Immunity with Dr. Yinka Davies," as well as a number of games, such as tic tac toe, for children.

78.     Defendant's YouTube channel contains the following statement on the front page:

> NESTLÉ® JUICY JUICE® is excited to introduce two new products. Introducing NEW Juicy Juice Brain Development and Immunity Fruit Juice Beverages!  For more than 25 years, Juicy Juice has helped parents raise healthy kids by providing them with a wide variety of nutritious and delicious juice options.

http://www.youtube.com/user/juicyjuice (last accessed, December 10, 2009).

79.     Defendant represents Dr. Yinka Davies as an "Expert" and state the following about her:

> We're here to help by offering engaging, informative and educational videos covering some of the most important topics in child development featuring our noted pediatric expert, Dr. Yinka Davies.
>
> An award-winning pediatrician, Dr. Davies practices Pediatric Gastroenterology near Sacramento, CA and she's a Clinical Adjunct Professor at Stanford University.  In addition to her many clinical achievements, she brings the experience of yet another major accomplishment-motherhood.
>
> Juicy Juice is very proud to have Dr. Davies as their distinguished expert.  So let Dr. Davies share her tips and advice with you!

1   http://www.juicyjuice.com/Experts/Expert-Videos.aspx (last accessed, December 10,

2   2009).

3   **Damages to Plaintiffs and the Class**

4        80.    Defendant's inaccurate, false, deceptive and misleading advertising,

5   marketing, promotion and labeling, including but not limited to, statements regarding

6   nutrient content health benefits, packaging benefits, and use of expert advice and

7   affirmations, and other such related misconduct alleged herein, directly and

8   proximately caused Plaintiffs and the Class to suffer injury and damage to their

9   property.  Plaintiffs and the Class have suffered financial loss, been deprived of

10  property, and have otherwise been damaged by Defendant's misconduct.  As a result

11  of Defendant' deceptive marketing scheme, as set forth herein, Plaintiffs and the Class

12  were misled into paying more for Juicy Juice Immunity and Juicy Juice Brain

13  Development beverages than they would have but for Defendant's misrepresentations,

14  resulting in suffering injury in fact and a loss of money or property.

15       81.    Neither Juicy Juice Immunity nor Juicy Juice Brain Development

16  beverages actually provide the immunity and brain development health benefits

17  affirmatively represented to consumers.

18       82.    In fact, Juicy Juice Immunity and Juicy Juice Brain Development

19  beverages actually contain less fruit juice, are no more nutritious and offer no

20  additional health benefits as compared to, for example, substantially cheaper Juicy

21  Juice products:

22

23

| Juicy Juice Harvest Surprise | 100% juice | 46.0 oz - $3.29 | $0.07 per oz |
|---|---|---|---|
| Juicy Juice | 100% juice | 46.0 oz - $2.59 | $0.06 per oz |
| Brain Development | 70% juice | 33.8 oz - $2.99 | $0.09 per oz |
| Immunity | 70% juice | 33.8 oz - $2.99 | $0.09 per oz |

24

25

26

27

28

1   Moreover, considering the fact that Brain Development and Immunity were only 70%

2   juice, the actual price paid per ounce of juice *was $0.12*.

3                              **IV.    CLASS ALLEGATIONS**

4           83.     Plaintiffs bring claims pursuant to Federal Rule of Civil Procedure 23

5   individually and on behalf of the following nationwide consumer class (the "Class"):

6           All purchasers of Nestlé's Juicy Juice Immunity and/or Brain
            Development beverages from April 2009 to present.   Specifically
7           excluded from this Class are Defendant; the officers, directors or
8           employees of Defendant; any entity in which Defendant has a controlling
            interest; and any affiliate, legal representative, heir or assign of
9           Defendant; also excluded are any federal, state or local governmental
10          entities, any judicial officer presiding over this action and the members
            of his/her immediate family and judicial staff, and any juror assigned to
11          this action.

12
            84.     The Class is sufficiently numerous, as it includes thousands of persons
13
    who have purchased Juicy Juice Immunity and/or Brain Development beverages.
14
    Thus, joinder of such persons in a single action or bringing all members of the Class
15
    before the Court is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of
16
    Civil Procedure.  The disposition of the Class members' claims in this class action
17
    will substantially benefit both the parties and the Court.
18
            85.     The Class is readily ascertainable through Defendant's business records.
19
    Notice can be provided to Class members by publication of notice by internet, radio,
20
    newspapers and magazines.
21
            86.     There are questions of law and fact common to the Class for purposes of
22
    Federal Rule of Civil Procedure 23(a)(2).   Defendant's advertising, marketing,
23
    labeling and promotional practices were supplied uniformly to all members of the
24
    Class, so that the questions of law and fact are common to all members of the Class.
25
    All Class members were and are similarly affected by having purchased Juicy Juice
26
    Immunity and/or Brain Development beverages for their intended and foreseeable
27
    purpose as promoted, marketed, advertised, packaged and labeled by Defendant as set
28

1  forth in detail herein, and the relief sought herein is for the benefit of Plaintiffs and
2  other members of the Class.

3      87.    Plaintiffs assert claims that are typical of the claims of the entire Class for
4  purposes of Federal Rule of Civil Procedure 23(a)(3).   Plaintiffs and all Class
5  members have been subjected to the same wrongful conduct because they have
6  purchased Juicy Juice Immunity and/or Brain Development beverages that do not
7  possess the benefits that Defendant represents.  Plaintiffs and the Class have thus all
8  overpaid for Juicy Juice Immunity and/or Brain Development beverages and/or
9  purchased Juicy Juice Immunity and/or Brain Development beverages that they
10 otherwise would not have.

11     88.    Plaintiffs will fairly and adequately represent and protect the interests of
12 the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).
13 Plaintiffs have no interests antagonistic to those of other Class members.  Plaintiffs are
14 committed to the vigorous prosecution of this action and have retained counsel
15 experienced in litigation of this nature to represent them.  Plaintiffs anticipate no
16 difficulty in the management of this litigation as a class action.

17     89.    Class certification is appropriate under Federal Rule of Civil Procedure
18 23(b)(2) because Defendant has acted on grounds that apply generally to the Class, so
19 that final injunctive relief or corresponding declaratory relief is appropriate respecting
20 the Class as a whole.  Defendant's advertising, marketing, labeling and promotional
21 practices were supplied uniformly to all members of the Class.

22     90.    Class certification is appropriate under Federal Rule of Civil Procedure
23 23(b)(3) because common questions of law and fact substantially predominate over
24 any questions that may affect only individual members of the Class.  Among these
25 common questions of law and fact are:

26     (a)    whether Defendant misrepresented or omitted material facts in
27 connection with the promotion, marketing, advertising, packaging, labeling and sale of
28 the Juicy Juice Immunity and Brain Development beverages;

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT      Case No. CV09-9192 GW (CWx)

24

1    (b)    whether Defendant represented that Juicy Juice Immunity and
2 Brain Development beverages have characteristics, benefits, uses or qualities that they
3 do not have;

4    (c)    whether Defendant knew or should have known that Defendant's
5 claims regarding Juicy Juice Immunity and Brain Development beverages, including,
6 but not limited to, claims regarding these products' effect on immunity or brain
7 development, were false and/or misleading;

8    (d)    whether Defendant's acts and practices in connection with the
9 promotion, marketing, advertising, packaging, labeling, distribution and sale of Juicy
10 Juice Immunity and Brain Development beverages violated California Business &
11 Professions Code §17200 *et seq.*, and/or California Business & Professions Code
12 §17500 *et seq.*

13    (e)    whether Defendant's acts and practices in connection with the
14 promotion, marketing, advertising, packaging, labeling and sale of the Juicy Juice
15 Immunity and Brain Development beverages unjustly enriched Defendant at the
16 expense of, and to the detriment of, Plaintiffs and other Class members; and

17    (f)    whether Defendant's conduct, as set forth herein, injured members
18 of the Class and whether they have been damaged by the wrongs complained of
19 herein, and if so, the measure of those damages and the nature and extent of other
20 relief that should be provided.

21    91.    Proceeding as a class action provides substantial benefits to both the
22 parties and the Court because this is the most efficient method for the fair and efficient
23 adjudication of the controversy.   Class members have suffered and will suffer
24 irreparable harm and damages as a result of Defendant's wrongful conduct. Because
25 of the nature of the individual Class members' claims, few, if any, could or would
26 otherwise afford to seek legal redress against Defendant for the wrongs complained of
27 herein, and a representative class action is therefore appropriate, the superior method
28 of proceeding, and essential to the interests of justice insofar as the resolution of Class

1  members' claims is concerned.  Absent a representative class action, Class members
2  would continue to suffer losses for which they would have no remedy, and Defendant
3  would unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions
4  could be brought by individual members of the Class, the resulting multiplicity of
5  lawsuits would cause undue hardship, burden and expense for the Court and the
6  litigants, as well as create a risk of inconsistent rulings which might be dispositive of
7  the interests of the other Class members who are not parties to the adjudications
8  and/or may substantially impede their ability to protect their interests.

**FIRST CLAIM FOR RELIEF**
**(Violation of California Business & Professions Code**
**Section 17200 *et seq.* - Unfair Conduct)**

92.    Plaintiffs reallege each and every allegation contained above as if fully
set forth herein and, to the extent necessary, plead this cause of action in the
alternative.

93.    Under California Business & Professions Code §17200, any business act
or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to
consumers, or that violates a legislatively declared policy, constitutes an unfair
business act or practice.

94.    Defendant has engaged, and continues to engage, in conduct which is
immoral, unethical, oppressive, unscrupulous and/or substantially injurious to
consumers. This conduct includes, but is not limited to: (1) representing to consumers
that consumption of Juicy Juice Brain Development beverage will provide brain
development benefits that it does not; (2) representing to consumers that consumption
of Juicy Juice Immunity beverage will provide immune system benefits that it does
not; (3) representing to consumers that consumption of Juicy Juice Immunity beverage
will provide digestive system benefits that it does not and; (4) misrepresenting to
consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages
are 100% juice. Defendant deceives consumers into purchasing Juicy Juice Immunity

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

1  and Juicy Juice Brain Development beverages in the mistaken belief that, among other

2  things, the persons consuming these products will realize actual health benefits.

3  Defendant's scheme was and is immoral, unethical, oppressive, unscrupulous and/or

4  substantially injurious to consumers.

5      95.    By committing the acts alleged above, Defendant has engaged in unfair

6  business acts and practices which constitute unfair competition within the meaning of

7  California Business & Professions Code §17200.

8      96.    Plaintiffs and the Class have all paid money for Juicy Juice Immunity and

9  Juicy Juice Brain Development beverages.  However, Plaintiffs and the Class did not

10 obtain the full value of the advertised products due to Defendant's misrepresentations

11 regarding the health benefits of said products.  Accordingly, Plaintiffs and the Class

12 have suffered injury in fact and lost money or property as a result of Defendant's acts

13 of false advertising.

14     97.    An action for injunctive relief and restitution is specifically authorized

15 under California Business & Professions Code §17203.

16     98.    Plaintiffs have standing to pursue this claim as Plaintiffs have suffered

17 injury in fact and have lost money or property as a result of Defendant's acts as set

18 forth above.

19     99.    Class members have suffered injury in fact and have lost money or

20 property as a result of Defendant's actions as set forth above.

21                         **SECOND CLAIM FOR RELIEF**
                   **(Violation of California Business & Professions Code**
22                   **Section 17200 *et seq.* - Fraudulent Conduct)**

23     100.   Plaintiffs reallege each and every allegation contained above as if fully

24 set forth herein and, to the extent necessary, plead this cause of action in the

25 alternative.

26

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          Case No. CV09-9192 GW (CWx)

27

1    101.   Under California Business & Professions Code §17200, any business act
2  or practice that is likely to deceive members of the public constitutes a fraudulent
3  business act or practice.

4    102.   Defendant has engaged and continues to engage in conduct that is likely
5  to deceive Plaintiffs and members of the Class, all of whom are members of the
6  general public.  This conduct includes, but is not limited to: (1) representing to
7  consumers that consumption of Juicy Juice Brain Development beverage will provide
8  brain development benefits that it does not; (2) representing to consumers that
9  consumption of Juicy Juice Immunity beverage will provide immune system benefits
10 that it does not; (3) representing to consumers that consumption of Juicy Juice
11 Immunity beverage will provide digestive system benefits that it does not; and
12 (4) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain
13 Development beverages are 100% juice.

14   103.   The health benefits that were the basis of the misrepresentations of
15 Defendant described herein as especially important to the purchasers of Juicy Juice
16 Immunity and Juicy Juice Brain Development beverages including Plaintiffs and the
17 Class.

18   104.   By committing the acts alleged above, Defendant has engaged in
19 fraudulent business acts and practices, which constitute unfair competition within the
20 meaning of Business & Professions Code §17200.

21   105.   Plaintiffs and the Class have all paid money for Juicy Juice Immunity
22 and/or Juicy Juice Brain Development beverages.

23   106.   However, Plaintiffs and the Class did not obtain the full value of the
24 advertised products due to Defendant's misrepresentations regarding the health
25 benefits of said products.  Accordingly, Plaintiffs and the Class have suffered injury in
26 fact and lost money or property as a result of Defendant's acts of false advertising.

27   107.   An action for injunctive relief and restitution is specifically authorized
28 under California Business & Professions Code §17203.

## THIRD CLAIM FOR RELIEF
### (Violation of California Business & Professions Code Section 17500 *et seq.*)

108. Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

109. Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

110. Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

111. Defendant engaged in advertising and marketing to the public and offered for sale Juicy Juice Immunity and Juicy Juice Brain Development beverages on a nationwide basis, including in California.

112. Defendant engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the sale of Juicy Juice Immunity and Juicy Juice Brain Development beverages to customers like Plaintiffs and the Class.

113. Defendant's advertisements and marketing representations regarding the characteristics of Juicy Juice Immunity and Juicy Juice Brain Development beverages were false, misleading and deceptive as set forth more fully above.

114. At the time Defendant made and disseminated the statements alleged herein, Defendant knew, or should have known, that the statements were untrue or misleading, and acted in violation of Cal. Bus. & Prof. Code §17500 *et seq.*

115. Plaintiffs seek restitution, injunctive relief, and all other relief allowable under Cal. Bus. & Prof. Code §17500 *et seq.*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          Case No. CV09-9192 GW (CWx)

## FOURTH CLAIM FOR RELIEF
### (Violation of California Business & Professions Code Section 17200 *et seq.* - Unlawful Conduct)

116.    Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

117.    The violation of any law constitutes an unlawful business practice under California Business & Professions Code §17200.

118.    As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the products in violation of California Business & Professions Code §17500 *et seq.*

119.    California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), Health & Safety Code §109875 *et seq.* provides that food is misbranded "if its labeling is false or misleading in any particular." *Id.* at §110660.

120.    Additionally, California has adopted as its own and the Sherman Law incorporates "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the [FDCA]" as "the food labeling regulations of this state." Cal. Health & Safety Code, §110100(a).  The FDCA prohibits the misbranding of food using language identical to that of the Sherman law.

121.    FDCA regulations also prohibit the making of claims "suggest[ing] that a food because of its nutrient content may help consumers maintain healthy dietary practices" when, as in the case of Brain Development and Immunity, are juice beverages that have been fortified to provide the claimed nutritional benefits. 21 C.F.R. §§101.65(d)(1)(i) and 104.20.

122.    The Sherman Law defines a "person" as "any individual, firm, partnership, trust, corporation, limited liability company, company, estate, public or private institution, association, organization, group, city, county, city and county, political subdivision of this state, other governmental agency within the state, and any

representative, agent, or agency of any of the foregoing." Cal. Health & Safety Code, §109995. Defendant Nestlé is a corporation and, therefore, a "person" within the meaning of the Sherman Law.

123. Thus, the business practices alleged above are also unlawful under Cal. Bus. & Prof. Code §17200, *et seq.* by virtue of violating the Sherman Law.

124. By violating these laws, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200.

125. Plaintiffs and the Class have all paid money for Juicy Juice Immunity and/or Juicy Juice Brain Development beverages. However, Plaintiffs and the Class did not obtain the full value of the advertised products due to Defendant's misrepresentations regarding the health benefits of said products. Accordingly, Plaintiffs and the Class have suffered injury in fact and lost money or property as a result of Defendant's acts of false advertising.

126. An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code §17203.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

127. Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

128. At all times relevant hereto, Defendant deceptively marketed and sold Brain Development and Immunity to Plaintiffs and the Class.

129. Plaintiffs and members of the Class conferred upon Defendant non-gratuitous payments for Brain Development and Immunity that they would not have due to Defendant's deceptive advertising and marketing. Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiffs and members of the Class, with full knowledge and awareness that, as a result of Defendant's deception,

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          Case No. CV09-9192 GW (CWx)

1  Plaintiffs and members of the Class were not receiving products of the quality, nature,

2  fitness or value that had been represented by Defendant and reasonable consumers

3  would have expected.

4       130.  Retaining the non-gratuitous benefits conferred upon Defendant by

5  Plaintiffs and members of the Class under these circumstances made Defendant's

6  retention of the non-gratuitous benefits unjust and inequitable.

7                                             **PRAYER FOR RELIEF**

8       WHEREFORE, Plaintiffs and the Class pray for relief as follows:

9       A.    That the Court determine that the claims alleged herein may be

10  maintained as a class action under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of

11  Civil Procedure;

12       B.    That the Court adjudge and decree that Defendant has engaged in the

13  conduct alleged herein;

14       C.    That Defendant be permanently enjoined and restrained from, in any

15  manner, directly or indirectly, continuing, maintaining, or engaging in the unfair,

16  unlawful, and/or deceptive practices alleged herein;

17       D.    For restitutionary disgorgement pursuant to, without limitation,

18  California Business & Professions Code §§17200 *et seq.* and 17500 *et seq.* and

19  principles of unjust enrichment;

20       E.    For declaratory and injunctive relief pursuant to, without limitation,

21  California Business & Professions Code §§17200 *et seq.* and 17500 *et seq.*;

22       F.    That Plaintiffs and the Class members be awarded restitution, including

23  disgorgement of profits obtained by Defendant as a result of its acts of unfair,

24  unlawful or deceptive practices and acts of unjust enrichment and breach of the

25  covenant of good faith and fair dealing;

26       G.    That Plaintiffs and the Class members be awarded both pre-and post-

27  judgment interest at the maximum allowable rate on any amounts awarded;

28

1    H.      That Plaintiffs and the Class members recover their costs of suit,

2  including reasonable attorneys' fees as provided by law; and

3    I.      That Plaintiffs and the Class members be awarded such other and further

4  relief as may be necessary and appropriate.

5                              **<u>JURY DEMAND</u>**

6         Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the

7  Constitution of the United States, Plaintiffs and the Class members demand a trial by

8  jury for all issues so triable.

9    Dated: November 10, 2010           KIESEL BOUCHER LARSON LLP

10

11                                      Raymond P. Boucher (115364)

12                                      8648 Wilshire Boulevard
                                        Beverly Hills, CA 90211-2910
13                                      Telephone: (310) 854-4444
                                        Fax: (310) 854-0812
14                                      Email: boucher@kbla.com

15

16                                      *Counsel for Plaintiffs Bonsignore and
                                        Lead Interim Counsel*
17
                                        Christopher M. Burke (214799)
18                                      Hal D. Cunningham (243048)
                                        SCOTT+SCOTT LLP
19                                      6424 Santa Monica Blvd.
                                        Los Angeles, CA 90038
20                                      Telephone: (213) 985-1274
                                        Fax: (213) 985-1278
21                                      Email: cburke@scott-scott.com
                                                   hcunningham@scott-scott.com
22

23                                      Joseph P. Guglielmo (admitted *pro hac
                                        vice*)
24                                      500 Fifth Avenue, 40th Floor
                                        New York, New York 10110
25                                      Telephone: (212) 223-6444
                                        Fax: (212) 223-6334
26                                      Email: jguglielmo@scott-scott.com

27

28
   FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

                                        33

1
2
3
4
5
6
7
8

Robert Foote (admitted *pro hac vice*)
Matthew J. Herman (admitted *pro hac vice*)
Craig Mielke (admitted *pro hac vice*)
FOOTE, MEYERS, MIELKE & FLOWERS, LLC.
28 North First St., Suite 2
Geneva, IL 60134
Telephone: (630) 232-6333
Fax: (630) 845-8982
Email: rmf@foote-meyers.com
        mherman@foote-meyers.com
        cmielke@foote-meyers.com

9
10
11
12
13
14
15

Kathleen C. Chavez (admitted *pro hac vice*)
CHAVEZ LAW FIRM P.C.
28 North First St., Suite 2
Geneva, IL 60134
Telephone: (630) 232-4480
Fax: (630) 845-8982
Email: gkeg4@aol.com

16
17
18
19
20
21

Peter L. Currie (admitted *pro hac vice*)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Lane
St. Charles, IL 60174
Telephone: (630) 862-1130
Fax: (630) 845-8982
Email: plclaw05@aol.com

22
23
24
25
26
27

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Ste B
Oak Park, IL  60301
Telephone: (708) 776-5604
Fax: (708) 776-5601
Email: beth@hbsslaw.com

28

*Counsel for Plaintiff Chavez*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric D. Freed (164526)
Jeffrey A. Leon (admitted *pro hac vice*)
FREED & WEISS LLC
111 West Washington Street Suite 1331
Chicago, IL 60602
Telephone: (312) 220-0000
Fax: (312) 220-7777
Email: eric@freedweiss.com
            jeff@freedweiss.com

*Counsel for Plaintiffs Bonsignore*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          Case No. CV09-9192 GW (CWx)

35

# CERTIFICATE OF SERVICE

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is 8648 Wilshire Boulevard, Beverly Hills, California 90211-2910.

I served on November 10, 2010 , the foregoing document described as: **FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** on the interested parties by electronically filing with the Court a true and correct copy thereof and causing a true and correct copy to be delivered to the addressed as follows:

## **PLEASE SEE ATTACHED SERVICE LIST**

[X] VIA ELECTRONIC MAIL:
By sending such document(s) addressed to the person(s) on whom it is to be served.

[ ] VIA U.S. MAIL:
I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Beverly Hills, California.

[ ] VIA PERSONAL DELIVERY:
I personally delivered such envelope(s) by hand to the offices of the addressee pursuant to CCP § 1011.

[X] FEDERAL:
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on November 10, 2010, at Beverly Hills, California.

Sandra Haro

1

**SERVICE LIST**
*Chavez/Bonsignore v. Nestle USA, Inc., et al.*
Case No. CV09-9192 GW (CWx)

2

3

4  Dale J. Giali (SBN 150382)

5  gialid@howrey.com
   HOWREY LLP

6  4 Park Plaza, Suite 1700

7  Irvine, California 92614-2559
   Telephone: (949) 759-3944

8  Facsimile: (949) 266-5529

9
   Joanne Lichtman (SBN 137300)

10 lichtmanj@howrey.com

11 Andrea Maldonado Weiss (SBN 252429)
   weissa@howrey.com

12 HOWREY LLP

13 550 South Hope Street, Suite 1100
   Los Angeles, California 90071-2627

14 Telephone: (213) 892-1800

15 Facsimile: (213) 892-2300

16 Attorneys for Defendant, NESTLE USA, INC.

17

18

19

20

21

22

23

24

25

26

27

28