**BY FAX**

1  KIESEL BOUCHER LARSON LLP
   Raymond P. Boucher (115364)
2  8648 Wilshire Boulevard
   Beverly Hills, CA 90211-2910
3  Telephone: (310) 854-4444
   Fax: (310) 854-0812
4  Email: boucher@kbla.com
5
6  [Additional Counsel on Signature Page.]
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
             **WESTERN DIVISION**
10
11  MAURICIO CHAVEZ, individually and      ) Case No. CV09-9192 GW (CWx)
    on behalf of all others similarly situated, )
12                                          ) Judge George H. Wu
           Plaintiff,                       )
13                                          ) Magistrate Judge Carla Woehrle
                                            )
14         vs.                              )
                                            )
15  NESTLÉ USA, INC., a Delaware            )
    Corporation,                            )
16                                          ) **SECOND AMENDED**
           Defendant.                       ) **CONSOLIDATED CLASS ACTION**
17                                          ) **COMPLAINT**
    _____    )
18                                          )
    VINCENT BONSIGNORE and                  ) **JURY TRIAL DEMANDED**
19  ZANETTA TADDESSE-                       )
    BONSIGNORE, individually and on         )
20  behalf of all others similarly situated, )
                                            )
21         Plaintiffs,                      )
                                            )
22         vs.                              )
                                            )
23                                          )
    NESTLÉ USA, INC., a Delaware            )
24  Corporation,                            )
                                            )
25         Defendant.                       )
                                            )
26                                          )
27
28  SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT   Case No. CV09-9192 GW (CWx)

1  Plaintiffs Mauricio Chavez, Vincent Bonsignore and Zanetta Taddesse-
2  Bonsignore (hereinafter, "Plaintiffs"), California residents, bring this class action
3  complaint against Defendant Nestlé USA, Inc. (hereinafter, "Nestlé" or "Defendant"),
4  individually and on behalf of a class of all others similarly situated, pursuant to
5  Rule 23 of the Federal Rules of Civil Procedure, who purchased Defendant's Juicy
6  Juice Immunity and/or Brain Development beverages at any time from April 2009 to
7  the present (the "Class Period"). Plaintiffs' allegations against Defendant are based
8  upon information and belief and upon investigation of Plaintiffs' counsel, except for
9  allegations specifically pertaining to the Plaintiffs themselves, which are based upon
10  their personal knowledge.

## I.       JURISDICTION AND VENUE

12  1.     This Court has jurisdiction over this class action under 28 U.S.C.
13  §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"),
14  provides federal courts original jurisdiction over any class action in which any
15  member of a class of plaintiffs is a citizen of a state different from any defendant, and
16  in which the matter in controversy exceeds in the aggregate the sum of $5 million,
17  exclusive of interest and costs. Plaintiffs seek certification of a class of all persons
18  who purchased Juicy Juice Immunity and/or Brain Development beverages from April
19  2009 to the present. Such persons reside in the 50 United States and the District of
20  Columbia. Defendant is a citizen of California and/or Delaware. The amount in
21  controversy, exclusive of interest and costs, exceeds $5 million.
22  2.     The Court has personal jurisdiction over Defendant because Defendant
23  Nestlé is headquartered in Glendale, California and thus has sufficient minimum
24  contacts with this District and California. Additionally, jurisdiction is also appropriate
25  as Defendant Nestlé otherwise intentionally avails itself of the California market
26  through its marketing and sales of the products in the State of California and/or by
27  having such other contacts with California so as to render the exercise of jurisdiction
28

1   over it by the California courts consistent with traditional notions of fair play and
2   substantial justice.

3        3.      Venue is proper pursuant to 28 U.S.C. §1391(a) because Nestlé is
4   headquartered in this District and its principal offices and marketing department are
5   located in this District and because the Court has personal jurisdiction over Defendant.
6   Juicy Juice is distributed by Nestle USA, Inc. located in Glendale, CA. Nestlé USA
7   Headquarters, and Nestlé USA – Beverage, Confections and Snacks, Emerging
8   Markets, Nestlé Nutrition – Performance Nutrition, and Nestlé Professional –
9   Beverage Headquarters are located in Glendale, CA.  Nestlé Sales is located in Brea,
10  CA. Nestlé USA – Confections and Snacks, Emerging Markets, and Beverage
11  distribution centers are located in Mira Loma, CA.

12       4.      No other forum would be more convenient for the parties and witnesses
13  to litigate this action.

14       5.      California law applies to all claims set forth in this Complaint as
15  Plaintiffs are citizens and residents of California, Defendant Nestlé is a California
16  resident, Defendant's principal offices are located in this District, a substantial part of
17  the development of the advertising and marketing giving rise to the claims occurred in
18  this District and all of the misconduct alleged herein was contrived, implemented, and
19  has a shared nexus within California.

20                          **II.    NATURE OF ACTION**

21       6.      This is a putative class action on behalf of a nationwide class seeking
22  redress for Defendant's deceptive practices in its marketing and advertising of Juicy
23  Juice Brain Development ("Brain Development") and Juicy Juice Immunity
24  ("Immunity") juice products.

25       7.      During the Class Period, Defendant engaged in a marketing and
26  advertising campaign to promote and sell Brain Development and Immunity juice
27  products.

28

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT     Case No. CV09-9192 GW (CWx)

8.    Parents are increasingly health conscious and, as a result, many parents are interested in healthier juice alternatives.

9.    Juicy Juice Brain Development and Immunity products are specifically marketed toward parents, such as Plaintiffs.

10.    In an effort to obtain market share among parents, Defendant has added water and small amounts of nutrients to its pre-existing Juicy Juice product and has advertised and marketed the resulting beverages as though they can provide certain health benefits beyond comparable products.

11.    Brain Development and Immunity are labeled, marketed, advertised and sold to Plaintiffs and other Class members as a premium juice product providing specific health benefits: ***brain development***, ***immunity*** and ***digestive health***.  These products are sold at a substantially higher price (20% to 30% higher) than other juice products, including Nestlé's other Juicy Juice product lines.

12.    As discussed below, Defendant's claims regarding Brain Development and Immunity omit that they are unsubstantiated by fact, thereby misleading Plaintiffs and other Class members into believing that a child's consumption of these products will provide the specific benefits claimed by Defendant.

13.    As a result of the deceptive marketing, advertising, and promotion, Defendant has generated substantial revenues from the sale of Brain Development and Immunity.

### III.   PARTIES

14.    Plaintiff Mauricio Chavez ("Chavez") resides in San Diego County and is a citizen of the State of California.

15.    During the Class Period, in November and December 2009, Plaintiff Chavez purchased Juicy Juice Immunity Apple, Juicy Juice Immunity Berry and Brain Development Apple beverages.  Plaintiff Chavez purchased the products at a Ralphs grocery located in San Diego County, California for consumption by his children.

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT     Case No. CV09-9192 GW (CWx)

3

16.     As described more fully below, prior to purchasing the Brain Development Apple and Immunity Apply and Berry beverages, Plaintiff Chavez, viewed and specifically relied upon the representations made by Defendant on the packaging and advertisements regarding these products.

17.     Plaintiffs Vincent Bonsignore and Vanessa Taddesse-Bonsignore ("Bonsignore") reside in Ventura County and are citizens of the State of California.

18.     During the Class Period, the Bonsignore Plaintiffs purchased Juicy Juice Immunity Apple and Berry and Brain Development Apple and Grape beverages.  The Bonsignore Plaintiffs purchased both beverages at Ralphs grocery and Long's Drugs located in Ventura County, California for consumption by their children.

19.     As described more fully below prior to purchasing the Brain Development and Immunity beverages, the Bonsignore Plaintiffs viewed and specifically relied upon the representations made by Defendant on the packaging and advertisements regarding these products.

20.     Defendant Nestlé is organized and existing under the laws of Delaware, with its corporate headquarters and principal place of business located at 800 North Brand Boulevard, Glendale, CA 91203.  Nestlé is a citizen of either California and/or Delaware.  Nestlé was and is doing business within this Judicial District.  According to an October 7, 2002 investor presentation, Nestlé generated $11 billion in sales in 2001, with the beverages division accounting for $1.3 billion, or 8.4% of sales.  According to the report, Juicy Juice accounted for $415 million in sales.

21.     Defendant, upon becoming involved with the manufacture, distribution, advertising, marketing and sale of Juicy Juice Immunity and Brain Development beverages knew or should have known that Defendant's claims regarding Juicy Juice Immunity and Brain Development beverages, including, but not limited to, claims regarding these products' effect on immunity or brain development, were false and misleading.

22.     Defendant failed to disclose to Plaintiffs and the Class that Juicy Juice Brain and Immunity beverages do not provide specific health benefits claimed, specifically that they are not superior to other products nor do they provide any material benefit in cognitive development or immune function.  Defendant does not possess requisite scientific evidence to substantiate Defendant's claims regarding Juicy Juice Immunity and Brain Development beverages, including, but not limited to, claims regarding these products' effect on immunity or brain development.  Defendant also affirmatively misrepresents, among other things, the effect of Immunity and Brain Development juice products on immunity and brain development in order to convince the public to purchase and use these products.

## IV.   ALLEGATIONS OF FACT

23.     In April 2009, Defendant launched Juicy Juice Immunity and Juicy Juice Brain Development.

24.     In the April 6, 2009 press release announcing the products, Defendant stated:

> GLENDALE, Calif., April 6 (FoodBizDaily) – Nestlé Juicy Juice is premiering two products designed to benefit children during different stages of their growth and development.  Juicy Juice Brain Development and Juicy Juice Immunity are fruit juice beverages made with natural ingredients, fortified with important nutrients and blended with filtered water to naturally lower the sugar and calorie content.

> **Juicy Juice Brain Development** is the only children's fruit juice beverage on the market currently offering DHA, which makes it a great first juice beverage choice for 1-2 year-olds.  DHA acts as a building block for brain development during a child's first two years of life[1], when their brains triple in size, and experts often recommend infant formula fortified with DHA for children who are not breastfeeding (breast milk is a natural source of DHA)[2].  During this important developmental phase, Juicy Juice Brain Development, which contains 16mg of DHA per serving, is designed to provide children who are old enough to drink juice (according to recommendations by the American Academy of Pediatrics)[3] with continued DHA in their diet.

**Juicy Juice Immunity** helps support a healthy immune and digestive system by offering beneficial nutrients, including zinc, vitamin C and prebiotic fiber.  Both vitamin C and zinc are essential nutrients in a child's everyday diet, as neither can be produced by the body and must be replenished on a regular basis.  Fiber is also highly important in a child's diet.  In fact, according to The Dietary Guidelines for Americans, the dietary intake of fiber for children may be low enough to be of concern for children and adolescents.[4]  Children three to five years old consume only 11.4 grams of fiber a day on average, while the recommended amount is 25 grams per day.[5]  Juicy Juice Immunity is one of the few juice beverages targeted towards children that contains prebiotic fiber.  It is a good source of fiber and contains three grams per serving, which is equivalent to the amount found in a medium-sized apple.[6]

"Important nutrients such as DHA and prebiotic fiber are often difficult to incorporate into a child's diet, particularly after a child has finished breastfeeding or drinking formula, and before they are able to eat a full spectrum of food," said Dr. Yinka Davies, M.D.  "Juicy Juice Brain Development and Juicy Juice Immunity are additional resources for parents to incorporate much needed nutrients into their child's diet, while still giving them the great tasting fruit juice beverages that they love."

Like all Juicy Juice products, Juicy Juice Brain Development and Juicy Juice Immunity are made with all-natural fruit juice and no added sugars, preservatives or artificial flavors or colors.  What is unique about these new Juicy Juice products is that the juices are blended with filtered water (70 percent juice, 30 percent water), which results in fewer calories and a reduced amount of naturally occurring sugars.  The reduction of sugar and calories through dilution, coupled with essential nutrient enhancement, make Juicy Juice Brain Development and Juicy Juice Immunity a unique and convenient option in the children's beverage category.

"Juicy Juice recognized the need for a beverage that accommodated mom's priorities related to her child's diet," said Victoria Nuevo-Celeste, Nestlé Juicy Juice Marketing Manager.  "Juicy Juice Brain Development and Juicy Juice Immunity offer excellent value for mom. They provide important nutrients while also helping mom control her child's calorie and sugar intake."

New Juicy Juice Brain Development is available in Apple and Grape, and New Juicy Juice Immunity is available in Apple and Berry. Both beverages are sold in 33.8 fluid ounce (1 liter) Tetra cartons and can be found in the juice aisle of grocery stores across the United States. Juicy Juice Brain Development and Juicy Juice Immunity are shelf stable products, and the suggested retail price is $2.99. For more information, please visit http://www.juicyjuice.com/Brain-Development-And-Immunity/Default.aspx.

About Nestlé USA

Named one of "America's Most Admired Food Companies" in Fortune magazine for the eleventh consecutive year, Nestlé USA provides quality brands and products that bring flavor to life every day. From nutritious meals with Lean Cuisine(R) to baking traditions with Nestlé(R) Toll House(R), Nestlé USA makes delicious, convenient, and nutritious food and beverage products that enrich the very experience of life itself. That's what "Nestlé. Good Food, Good Life" is all about. Nestlé USA, with 2007 sales of $8.25 billion, is part of Nestlé S.A. in Vevey, Switzerland - the world's largest food company - with sales of $90 billion. For product news and information, visit Nestléusa.com or NestléNewsroom.com.

(1). Al MDM, Hornstra G. Long-chain polyunsaturated fatty acids, pregnancy, and pregnancy outcome. Am. J. Clin. Nutr. 2000; 71(suppl):285S-291S.

(2). Innis SM. Dietary omega 3 fatty acids and the developing brain. Brain Res. 2008 Sept. 9; 35-43.

(3). Committee on Nutrition. The use and misuse of fruit juice in pediatrics. Pediatrics. 2001; 107(5):1210-1213.

(4). U.S. Department of Health and Human Services and U.S. Department of Agriculture. Dietary Guidelines for Americans, 2005. 6th Edition, Washington DC: U.S. Government Printing Office, January 2005. http://www.health.gov/dietaryguidelines/dga2005/document/html/chapter2.htm.

(5). Niklas T.A., Hayes D. Position of the American Dietetic Association: Guidance for health children age 2 to 11 years. J. Am. Diet. Assoc. 2008; 108:1037-1047.

(6). U.S. Department of Agriculture, Agricultural Research Service. 2008. USDA National Nutrient Database for Standard Reference, Release 21. Nutrient Data Laboratory Home Page, http://www.ars.usda.gov/ba/bhnrc/ndl (09003, 09206).

25.    Since the launch of these products in April of 2009, Defendant has advertised, marketed, promoted and sold Juicy Juice Immunity and Brain Development beverages in a manner that falsely and deceptively misrepresents and fails to disclose material facts to Plaintiffs and the Class that the Brain Development beverage will enhance brain development and cognitive ability in children and that Immunity will provide immunity from germs and promote digestive health.

**A.    Juicy Juice Brain Development Beverage**

26.    The Juicy Juice Brain Development line consists of two products, Grape and Apple.

27.    On the front panel of the Brain Development Grape and Apple containers, Defendant states "DHA – A BUILDING BLOCK FOR BRAIN DEVELOPMENT."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

 

Image: Front of Juicy Juice®: Brain Development

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Image: All sides of Juicy Juice®: Brain Development

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23       Image: All sides of Juicy Juice®: Brain Development

24          28.      On the rear panel of the Brain Development Grape and Apple containers,

25   Defendant states: "Good to Remember….  The human brain triples in volume between

26   birth and two years, so it's never too early to start good nutrition habits."

27
28

29.     Upon information and belief, these representations are made on each and every container of Brain Development Grape and Apple sold by Defendant during the Class Period.

30.     The product's name as well as the specific representations in ¶¶27-28 are false and misleading.  These representations omit the material fact that Defendant's health claim regarding Brain Development is unsubstantiated, which render the representations false and misleading.

31.     The U.S. Food and Drug Administration has made the following statement regarding the efficacy of the purported active ingredient in Brain Development, DHA:

> The scientific evidence is mixed.  Some studies in infants suggest that including these fatty acids in infant formulas may have positive effects on visual function and neural development over the short term.  Other studies in infants do not confirm these benefits.  There are no currently available published reports from clinical studies that address whether any long-term beneficial effects exist.

http://www.fda.gov/Food/FoodSafety/Product-SpecificInformation/ InfantFormula/ConsumerInformationAboutInfantFormula/ucm108560.htm (last accessed on November 4, 2010).

32.     Moreover, there is an exceedingly small amount of DHA - 16 mg - in a 4 oz serving of the product.  In comparison, a 3 oz serving of salmon provides 600 mg of DHA.  The World Health Organization ("WHO") has suggested 20 mg per kg of body weight per day for infants to produce any potential efficacy.  The average 6-month old weighs approximately 16 lbs, or 7.25 kg.  Using the WHO guidelines, the average 6-month old should consume 145 mg of DHA – 9 servings, or 36 fl oz of Juicy Juice Brain Development beverage per day.  The average 1-year old weighs approximately 22 lbs, or 10 kg.  Using the WHO guidelines, the average 1-year old should consume 200 mg of DHA – 12.5 servings, or 50 fl oz of Juicy Juice Brain Development beverage per day.  However, the American Academy of Pediatrics

("AAP") recommends limiting children ages 1-6 to 4-6 fl oz of fruit juice per day. http://aappolicy.aappublications.org/cgi/content/full/pediatrics;107/5/1210 (last accessed January 27, 2010).

33.    Yet, despite a sound basis for doing so, Defendant affirmatively represents to Plaintiffs and the Class on its packaging that Juicy Juice Brain Development beverage enhances brain development.

34.    Defendant implies that it possesses and relies upon a reasonable basis that substantiates the representations regarding brain development set forth on the Brain Development packaging, when, in fact, Defendant does not possess and rely upon a reasonable basis that substantiates the representations set forth on the packaging.

35.    Defendant's claims about Brain Development lead Plaintiffs and the Class to believe that the additive, DHA, therein will have the tangible result of promoting brain development.  These claims are false and misleading.  Defendant omits from its packaging that it does not have competent and reliable scientific evidence to support its claims about Brain Development.

36.    Moreover, Defendant fails to adequately disclose that the form of administration, *i.e.*, dissolved in juice, and/or the amount of DHA purportedly added to Brain Development may not render the brain development benefits Defendant claims.

**1.    Plaintiffs' Reliance on Defendant's Representations Regarding Juicy Juice Brain Development**

Plaintiff Chavez

37.    Plaintiff Chavez, during each purchase of Brain Development Apple, read and relied upon the following misleading statements on the front and rear of the Brain Development Apple packaging: "BRAIN DEVELOPMENT" and "Good to Remember…. The human brain triples in volume between birth and two years, so it's never too early to start good nutrition habits."

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT       Case No. CV09-9192 GW (CWx)

13

38.     Plaintiff Chavez purchased Brain Development Apple believing that Defendant had a reasonable basis for its representations that the product promoted brain development, which, in fact, Defendant did not.

39.     In addition, prior to the purchases of Brain Development Apple, Plaintiff Chavez viewed specific misleading advertising and marketing materials of Defendant regarding Juicy Juice Brain Development.

40.     On or around September 2009, while watching the television program "The Biggest Loser," Plaintiff Chavez saw commercials for Juicy Juice Brain Development, in which Defendant represented, in relevant part:

41.



Mother: "There's your nose.  There's your nose"

Announcer: "Her brain will triple in size by the time she's two."

42.



Announcer: "Introducing new Nestle Juicy Juice Brain Development with DHA.  An essential building block for her brain to develop."

43.





Announcer: "So she can shine a little more every day."

Girl: [Points to dog's nose] "Nose."

44.    Defendant's commercial affirmatively and misleadingly states that Brain Development provides "an essential building block" for brain development.

45.    Defendant's commercial misleadingly implies that Brain development offers specific health benefits and enhances cognitive function.

46.    After viewing Defendant's commercial, in or around September 2009, Plaintiff Chavez visited the Juicy Juice Brain Development and Immunity website, juicyjuice.com/Brain-Development-And-Immunity, which contained the following false and misleading  representations of Defendant regarding Brain Development, in relevant part:

> Juicy Juice Fruit Juice Beverage is enhanced with DHA, an essential building block for brain development, and comes in delicious apple and grape flavors.  So you can help her shine a little more every day.

http://www.juicyjuice.com/Products/Brain-Development.aspx    (last    accessed December 10, 2009) (emphasis added).

                    *       *       *

**Why is DHA good for my child?**

DHA is a building block for the brain in infants; according to research, DHA may help support early-age brain and eye development.

DHA is naturally found in breast milk, and experts often recommend infant formula fortified with DHA for children who are not breastfeeding. (Kris-Etherton 2007) **JUICY JUICE BRAIN DEVELOPMENT** Fruit Juice Beverage with DHA is a smart choice for parents who are ready to introduce juice beverages into their baby's diet.

http://www.juicyjuice.com/Brain-Development-And-Immunity/FAQs.aspx (last accessed December 10, 2009).

47.     Defendant's website affirmatively and misleadingly states that Brain Development is "an essential building block" for brain development and, as such, is a "smart choice for parents who are ready to introduce juice beverages into their baby's diet."

<u>Bonsignore Plaintiffs</u>

48.     The Bonsignore Plaintiffs, during each purchase of Brain Development Apple, read and relied upon the following misleading statements on the front and rear of the Brain Development Apple packaging: "BRAIN DEVELOPMENT" and "Good to Remember…. The human brain triples in volume between birth and two years, so it's never too early to start good nutrition habits."

49.     The Bonsignore Plaintiffs purchased Brain Development Apple and Grape believing that Defendant had a reasonable basis for its representations that the product promoted brain development, which, in fact, Defendant did not.

50.     Defendant's representations in its packaging, commercial, and on its website are deceptive.  Despite the fact that there is no substantive basis to do so, Defendant therein affirmatively represents to Plaintiffs and the Class that Juicy Juice Brain Development beverage enhances brain development.

51.     Defendant affirmatively represents to Plaintiffs and the Class in its commercial and on its website that Juicy Juice Brain Development beverage enhances brain development.

52.    Defendant implies that it possessed and relied upon a reasonable basis that substantiated the representations regarding brain development set forth on the Brain Development in its packaging, commercial, and on its website, when, in fact, Defendant did not possess and rely upon a reasonable basis that substantiated the representations set forth in its commercial and on its website.

53.    Defendant's claims about Brain Development lead Plaintiffs and the Class to believe that the additive, DHA, therein will have the tangible result of promoting brain development.  These claims are false and misleading.

54.    Defendant does not have reliable scientific evidence to support its claims about Brain Development.

55.    In addition, Defendant fails to adequately disclose whether the form and/or the amount of DHA purportedly added to Brain Development may not render the brain development benefits Defendant claims.

**B.    Juicy Juice Immunity Beverage**

56.    The Juicy Juice Immunity line consists of two products – Berry and Apple.

57.    On the front panel of the Immunity Berry and Apple containers, Defendant states "HELPS SUPPORT IMMUNITY."

58.    On the front panel of the Immunity Berry and Apple containers, Defendant states "VITAMIN C & ZINC for Immunity **PLUS** PREBIOTIC FIBER for Digestive Health."

1
2
3
4
5
6
7
8
9
10
11

 

12
13
14
15
16
17
18
19
20   Image: Front of Juicy Juice®: Immunity
21
22
23
24
25
26
27
28

Image: All sides of Juicy Juice®: Immunity



Image: All sides of Juicy Juice®: Immunity

59.     The representations in ¶¶57-58 are misleading.

60.     Defendant's claims on the Immunity beverage container that the product supports immunity and digestive health is a false and misleading claim that Defendant cannot substantiate.

61.     Defendant affirmatively represents to Plaintiffs and the Class on its packaging that Juicy Juice Brain Immunity beverage provides health benefits through enhanced immunity and digestive function.

62.    Defendant implies that it possessed and relied upon a reasonable basis that substantiated the representations regarding immunity and digestive function set forth on the Immunity packaging, when, in fact, Defendant did not possess and rely upon a reasonable basis that substantiated the representations set forth on the packaging.

63.    Defendant's claims about Immunity lead Plaintiffs and the Class to believe that the additives, vitamin C, zinc and prebiotic fiber, therein will have the tangible result of promoting immunity and digestive health.  These claims are false and misleading.  Defendant omits that it does not have reliable scientific evidence to support its claims about Immunity.

64.    Moreover, Defendant fails to adequately disclose whether the form and/or the amount of vitamin C, zinc and prebiotic fiber purportedly added to Immunity may not render the immunity and digestive health benefits Defendant claims.

### 2.    Plaintiffs' Reliance on Defendant's Representations Regarding Juicy Juice Immunity

Plaintiff Chavez

65.    Plaintiff Chavez, during each purchase of Immunity Apple and Berry, read and relied upon the following  misleading statements on the Immunity Apple and Berry packaging: "HELPS SUPPORT IMMUNITY" and "VITAMIN C & ZINC for Immunity **PLUS** PREBIOTIC FIBER for Digestive Health."

66.    Plaintiff Chavez purchased Immunity Apple and Berry believing that Defendant had a reasonable basis for its representations that the product promoted immunity and digestive health, which, in fact, Defendant did not.

67.    In addition, prior to all purchases of Brain Development Apple, Plaintiff Chavez viewed specific misleading advertising and marketing materials of Defendant regarding Juicy Juice Immunity:

68.     On or around September 2009, while watching the television program "Desperate Housewives," Plaintiff Chavez saw commercials for Juicy Juice Immunity, in which Defendant represented, in relevant part:

69.



Announcer: "She'll be exposed to over a billion germs this year."

70.



Announcer: "Introducing Nestle Juicy Juice Immunity.

With Vitamin C, Zinc, and Prebiotic Fiber. So they shine a little more every day."

71.



Announcer: "Nestle Juicy Juice Immunity."

72.     Defendant's commercial misleadingly implies that Immunity will provide protection from germs.

73.     After viewing Defendant's commercial, Plaintiff Chavez visited the Juicy Juice Brain Development and Immunity website, juicyjuice.com/Brain-Development-And-Immunity, which contained the following representations of Defendant regarding Immunity, in relevant part:

> NESTLÉ **JUICY JUICE IMMUNITY** Fruit Juice Beverage contains Vitamin C and Zinc which are essential for a healthy immune system, and Prebiotic Fiber to help maintain a healthy digestive system.

http://www.juicyjuice.com/Brain-Development-And-Immunity/FAQs.aspx    (last accessed December 10, 2009).

74.     Defendant's website affirmatively and misleadingly states that Immunity's added ingredients "are essential for a healthy immune system."

75.     Defendant's website misleadingly states that Immunity will "help maintain a healthy digestive system."

Bonsignore Plaintiffs

76.     The Bonsignore Plaintiffs purchased Immunity Apple and Berry believing that Defendant had a reasonable basis for its representations that the product promoted immunity, which, in fact, Defendant did not.

77.     Defendant's claims on the Immunity packaging, commercial and website that the product supports immunity and digestive health are false and misleading claims that Defendant cannot substantiate.

78.     Defendant affirmatively represents to Plaintiffs and the Class in the commercial and on the website that Juicy Juice Brain Immunity beverage provides health benefits in that it will enhance immunity and digestive function.

79.     Defendant implies that it possessed and relied upon a reasonable basis that substantiated the representations regarding immunity and digestive function set forth on the Immunity packaging, commercial and website, when, in fact, Defendant did not possess and rely upon a reasonable basis that substantiated the representations set forth on the commercial and website.

80.     Defendant's claims about Immunity led Plaintiffs and the Class to believe that the additives, vitamin C, zinc and prebiotic fiber, therein will have the tangible result of promoting immunity and digestive health.  These claims are false and misleading.  Defendant omits that it does not have reliable scientific evidence to support its claims regarding Immunity.

81.     In addition, Defendant fails to adequately disclose that the form, *i.e.*, juice, and/or the amount of vitamin C, zinc and prebiotic fiber purportedly added to Immunity may not render the immunity and digestive health benefits Defendant claims.

C.   **Plaintiff's Delayed Discovery of the False and Misleading Nature of Defendant's Representations Regarding Brain Development and Immunity**

82.   Plaintiffs did not discover that Defendant's labeling, advertising and marketing of Brain Development was false or misleading until December 2009.

83.   Plaintiffs were unaware that: (a) Defendant had no reasonable, substantive basis for its representations that Juicy Juice Brain Development promoted brain development; and (b) Defendant had no reasonable, substantive basis for its representations that Immunity promoted immunity and digestive health.

84.   In fact, as alleged herein: (a) the scientific data regarding the benefits of DHA is mixed, and DHA, in no way, has been proven to develop infant's and children's brains; (b) in any, event, there is no scientific data proving that Juicy Juice Brain Development develops infant's and children's brains; (c) there is no scientific data proving that Juicy Juice Immunity promotes immunity and digestive health in children.

85.   As alleged herein, these material facts were omitted from Defendant's labeling, advertising and marketing of Brain Development and Immunity.

86.   Plaintiffs could not have reasonably discovered Defendant's deceptive practices earlier because the bases upon which Defendant substantiates health claims made on its packaging is generally unknown to lay consumers such as Plaintiffs.

D.   **Damages to Plaintiffs and the Class**

87.   Plaintiffs purchased Juicy Juice Brain Development and Immunity believing, based on Defendant's labeling, advertising, and marketing, that these products had the specific health benefits represented by Defendant.

88.   Juicy Juice Brain Development and Immunity cost more than similar products without misleading labeling and would have cost less absent the misleading statements and material omissions.

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT       Case No. CV09-9192 GW (CWx)

89.     In this manner, Defendant's inaccurate, false, deceptive and misleading advertising, marketing, promotion and labeling caused Plaintiffs and the Class to suffer injury and damage to their property.  Plaintiffs and the Class have suffered financial loss, been deprived of property, and have otherwise been damaged by Defendant's misconduct.  As a result of Defendant's deceptive marketing scheme, as set forth herein, Plaintiffs and the Class were misled into paying more for Juicy Juice Immunity and Juicy Juice Brain Development beverages than they would have but for Defendant's misrepresentations, resulting in suffering injury in fact and a loss of money or property.

90.     Neither Juicy Juice Immunity nor Juicy Juice Brain Development beverages actually provide the immunity and brain development health benefits affirmatively represented to Plaintiffs and the Class.

91.     In fact, Juicy Juice Immunity and Juicy Juice Brain Development beverages actually contain less fruit juice, are no more nutritious, and offer no additional health benefits as compared to, for example, substantially cheaper Juicy Juice products:

| Juicy Juice Harvest Surprise | 100% juice | 46.0 oz - $3.29 | $0.07 per oz |
|---|---|---|---|
| Juicy Juice | 100% juice | 46.0 oz - $2.59 | $0.06 per oz |
| Brain Development | 70% juice | 33.8 oz - $2.99 | $0.09 per oz |
| Immunity | 70% juice | 33.8 oz - $2.99 | $0.09 per oz |

Moreover, considering the fact that Brain Development and Immunity were only 70% juice, the actual price paid per ounce of juice was *$0.12*.

## V.     CLASS ALLEGATIONS

92.     Plaintiffs bring claims pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following nationwide consumer class (the "Class"):

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

All purchasers of Nestlé's Juicy Juice Immunity and/or Brain Development beverages from April 2009 to present. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

93. The Class is sufficiently numerous, as it includes thousands of persons who have purchased Juicy Juice Immunity and/or Brain Development beverages. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure. The disposition of the Class members' claims in this class action will substantially benefit both the parties and the Court.

94. The Class is readily ascertainable through Defendant's business records. Notice can be provided to Class members by publication of notice by internet, radio, newspapers and magazines.

95. There are questions of law and fact common to the Class for purposes of Federal Rule of Civil Procedure 23(a)(2). Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All Class members were and are similarly affected by having purchased Juicy Juice Immunity and/or Brain Development beverages for their intended and foreseeable purpose as promoted, marketed, advertised, packaged and labeled by Defendant as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiffs and other members of the Class.

96. Plaintiffs assert claims that are typical of the claims of the entire Class for purposes of Federal Rule of Civil Procedure 23(a)(3). Plaintiffs and all Class members have been subjected to the same wrongful conduct because they have

1  purchased Juicy Juice Immunity and/or Brain Development beverages that do not
2  possess the benefits that Defendant represents.  Plaintiffs and the Class have thus all
3  overpaid for Juicy Juice Immunity and/or Brain Development beverages and/or
4  purchased Juicy Juice Immunity and/or Brain Development beverages that they
5  otherwise would not have.

6      97.    Plaintiffs will fairly and adequately represent and protect the interests of
7  the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).
8  Plaintiffs have no interests antagonistic to those of other Class members.  Plaintiffs are
9  committed to the vigorous prosecution of this action and have retained counsel
10 experienced in litigation of this nature to represent them.  Plaintiffs anticipate no
11 difficulty in the management of this litigation as a class action.

12     98.    Class certification is appropriate under Federal Rule of Civil Procedure
13 23(b)(2) because Defendant has acted on grounds that apply generally to the Class, so
14 that final injunctive relief or corresponding declaratory relief is appropriate respecting
15 the Class as a whole.  Defendant's advertising, marketing, labeling and promotional
16 practices were supplied uniformly to all members of the Class.

17     99.    Class certification is appropriate under Federal Rule of Civil Procedure
18 23(b)(3) because common questions of law and fact substantially predominate over
19 any questions that may affect only individual members of the Class.  Among these
20 common questions of law and fact are:

21         (a)    whether Defendant misrepresented or omitted material facts in
22 connection with the promotion, marketing, advertising, packaging, labeling and sale of
23 the Juicy Juice Immunity and Brain Development beverages;

24         (b)    whether Defendant represented that Juicy Juice Immunity and
25 Brain Development beverages have characteristics, benefits, uses or qualities that they
26 do not have;

27         (c)    whether Defendant knew or should have known that Defendant's
28 claims regarding Juicy Juice Immunity and Brain Development beverages, including,

1    but not limited to, claims regarding these products' effect on digestive health,

2    immunity or brain development, were false and/or misleading;

3           (d)    whether Defendant's acts and practices in connection with the

4    promotion, marketing, advertising, packaging, labeling, distribution and sale of Juicy

5    Juice Immunity and Brain Development beverages violated California Business &

6    Professions Code §17200 *et seq.*, and/or California Business & Professions Code

7    §17500 *et seq.*; and

8           (e)    whether Defendant's conduct, as set forth herein, injured members

9    of the Class and whether they have been damaged by the wrongs complained of

10    herein, and if so, the measure of those damages and the nature and extent of other

11    relief that should be provided.

12         100.  Proceeding as a class action provides substantial benefits to both the

13    parties and the Court because this is the most efficient method for the fair and efficient

14    adjudication of the controversy.  Class members have suffered and will suffer

15    irreparable harm and damages as a result of Defendant's wrongful conduct.  Because

16    of the nature of the individual Class members' claims, few, if any, could or would

17    otherwise afford to seek legal redress against Defendant for the wrongs complained of

18    herein, and a representative class action is therefore appropriate, the superior method

19    of proceeding, and essential to the interests of justice insofar as the resolution of Class

20    members' claims is concerned.  Absent a representative class action, Class members

21    would continue to suffer losses for which they would have no remedy, and Defendant

22    would unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions

23    could be brought by individual members of the Class, the resulting multiplicity of

24    lawsuits would cause undue hardship, burden and expense for the Court and the

25    litigants, as well as create a risk of inconsistent rulings which might be dispositive of

26    the interests of the other Class members who are not parties to the adjudications

27    and/or may substantially impede their ability to protect their interests.

28

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT     Case No. CV09-9192 GW (CWx)

# VI.   CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Violation of California Business & Professions Code
Section 17200 *et seq.* - Unfair Conduct)

101.   Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

102.   Under California Business & Professions Code §17200, any business act or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

103.   Defendant has engaged, and continues to engage, in conduct which is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiffs and the Class.  This conduct includes, but is not limited to: (1) representing to Plaintiffs and the Class that consumption of Juicy Juice Brain Development beverage will provide brain development benefits that it does not; (2) representing to Plaintiffs and the Class that consumption of Juicy Juice Immunity beverage will provide immune system benefits that it does not; and (3) representing to Plaintiffs and the Class that consumption of Juicy Juice Immunity beverage will provide digestive system benefits that it does not.

104.   Defendant deceived Plaintiffs and the Class into purchasing Juicy Juice Immunity and Juicy Juice Brain Development beverages in the mistaken belief that, among other things, the persons consuming these products will realize actual health benefits.   Defendant's scheme was and is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiffs and the Class.

105.   By committing the acts alleged above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business & Professions Code §17200.

106.   Plaintiffs and the Class have all paid money for Juicy Juice Immunity and Juicy Juice Brain Development beverages.  However, Plaintiffs and the Class did not obtain the full value of the advertised products due to Defendant's misrepresentations regarding the health benefits of said products.  Accordingly, Plaintiffs and the Class have suffered injury in fact and lost money or property as a result of Defendant's acts of false advertising.

107.   In accordance with California Business & Professions Code §17203, Plaintiffs seek an order enjoining Defendant from continuing to conduct business through unlawful, unfair and deceptive acts and practices and further seek an order requiring Defendant to conduct a corrective advertising campaign.

108.   As a result of Defendant's conduct, Plaintiffs seek injunctive and restitutionary relief under California Business & Professions Code §17203.

109. Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendant's acts as set forth above.

110. Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

## SECOND CLAIM FOR RELIEF
### (Violation of California Business & Professions Code Section 17200 *et seq.* - Fraudulent Conduct)

111.   Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

112.   Under California Business & Professions Code §17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

113.   Defendant has engaged and continues to engage in conduct that is likely to deceive Plaintiffs and members of the Class, all of whom are members of the

general public.  This conduct includes, but is not limited to: (1) representing to Plaintiffs and the Class that consumption of Juicy Juice Brain Development beverage will provide brain development benefits that it does not; (2) representing to Plaintiffs and the Class that consumption of Juicy Juice Immunity beverage will provide immune system benefits that it does not; and (3) representing to Plaintiffs and the Class that consumption of Juicy Juice Immunity beverage will provide digestive system benefits that it does not.

114.   The health benefits that were the basis of the misrepresentations of Defendant described herein were especially important to the purchasers of Juicy Juice Immunity and Juicy Juice Brain Development beverages, including Plaintiffs and the Class.

115.   By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

116.   Plaintiffs and the Class have all paid money for Juicy Juice Immunity and/or Juicy Juice Brain Development beverages.

117.   However, Plaintiffs and the Class did not obtain the full value of the advertised products due to Defendant's misrepresentations regarding the health benefits of said products.  Accordingly, Plaintiffs and the Class have suffered injury in fact and lost money or property as a result of Defendant's acts of false advertising.

118.   In accordance with California Business & Professions Code §17203, Plaintiffs seek an order enjoining Defendant from continuing to conduct business through its fraudulent conduct and further seek an order requiring Defendant to conduct a corrective advertising campaign

119.   As a result of Defendant's conduct, Plaintiffs seek injunctive and restitutionary relief under California Business & Professions Code §17203.

### THIRD CLAIM FOR RELIEF
**(Violation of California Business & Professions
Code Section17500 *et seq.*)**

120.   Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

121.   Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

122.   Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

123.   Defendant engaged in advertising and marketing to the public and offered for sale Juicy Juice Immunity and Juicy Juice Brain Development beverages on a nationwide basis, including in California.

124.   From approximately April 2009 through September 2010, Defendant's nationwide advertising campaign falsely touting the purported health benefits of Juicy Juice Brain Development and Immunity beverages has been massive and comprehensive, conveying the false and misleading statements described herein to consumers throughout the United States.   Defendant conveyed the false and misleading claims regarding Juicy Juice Brain Development and Immunity beverages to Plaintiffs and other consumers throughout the United States primarily through commercials, newspapers, magazines, direct mail, the internet, point-of-sale displays, and on the product labels.

125.   Defendant's television advertisements appeared on national broadcast network television stations which aired in California and the rest of the United States. The advertisements contained the same misrepresentations and material omissions as those which were viewed by Plaintiffs.

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT        Case No. CV09-9192 GW (CWx)

126.    Defendant engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the sale of Juicy Juice Immunity and Juicy Juice Brain Development beverages to customers like Plaintiffs and the Class.

127.    Defendant's advertisements and marketing representations regarding the characteristics of Juicy Juice Immunity and Juicy Juice Brain Development beverages were false, misleading and deceptive as set forth more fully above.

128.    At the time Defendant made and disseminated the statements alleged herein, Defendant knew, or should have known, that the statements were untrue or misleading, and acted in violation of Cal. Bus. & Prof. Code §17500 *et seq.*

129.    Plaintiffs seek restitution, injunctive relief, a corrective advertising campaign and all other relief allowable under Cal. Bus. & Prof. Code §17500 *et seq.*

## FOURTH CLAIM FOR RELIEF
### (Violation of California Business & Professions Code Section 17200 *et seq.* - Unlawful Conduct)

130.    Plaintiffs reallege each and every allegation contained above as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

131.    The violation of any law constitutes an unlawful business practice under California Business & Professions Code §17200.

132.    As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the products in violation of California Business & Professions Code §17500 *et seq*.

133.    California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), Health & Safety Code §109875 *et seq.* provides that food is misbranded "if its labeling is false or misleading in any particular."  *Id.* at §110660.

134.    Additionally, California has adopted as its own and the Sherman Law incorporates "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the [FDCA]" as "the food labeling regulations of this state."  Cal.

1  Health & Safety Code, §110100(a).  The FDCA prohibits the misbranding of food

2  using language identical to that of the Sherman law.

3      135.    FDCA regulations also prohibit the making of claims "suggest[ing] that a

4  food because of its nutrient content may help consumers maintain healthy dietary

5  practices" when, as in the case of Brain Development and Immunity, are juice

6  beverages that have been fortified to provide the claimed nutritional benefits. 21

7  C.F.R. §§101.65(d)(1)(i) and 104.20.

8      136.    The Sherman Law defines a "person" as "any individual, firm,

9  partnership, trust, corporation, limited liability company, company, estate, public or

10 private institution, association, organization, group, city, county, city and county,

11 political subdivision of this state, other governmental agency within the state, and any

12 representative, agent, or agency of any of the foregoing."  Cal. Health & Safety Code,

13 §109995.  Defendant Nestlé is a corporation and, therefore, a "person" within the

14 meaning of the Sherman Law.

15     137.    Thus, the business practices alleged above are also unlawful under Cal.

16 Bus. & Prof. Code §17200 *et seq.* by virtue of violating the Sherman Law.

17     138.    By violating these laws, Defendant has engaged in unlawful business acts

18 and practices which constitute unfair competition within the meaning of Business &

19 Professions Code §17200.

20     139.    Plaintiffs and the Class have all paid money for Juicy Juice Immunity

21 and/or Juicy Juice Brain Development beverages.  However, Plaintiffs and the Class

22 did not obtain the full value of the advertised products due to Defendant's

23 misrepresentations regarding the health benefits of said products.  Accordingly,

24 Plaintiffs and the Class have suffered injury in fact and lost money or property as a

25 result of Defendant's acts of false advertising.

26     140.    In accordance with California Business & Professions Code §17203,

27 Plaintiffs seek an order enjoining Defendant from continuing to conduct business

28

through unlawful, unfair and deceptive acts and practices and further seek an order requiring Defendant to conduct a corrective advertising campaign.

141. As a result of Defendant's conduct, Plaintiffs seek injunctive and restitutionary relief under California Business & Professions Code §17203.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class pray for relief as follows:

A.    That the Court determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure;

B.    That the Court adjudge and decree that Defendant has engaged in the conduct alleged herein;

C.    That Defendant be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining, or engaging in the unfair, unlawful, and/or deceptive practices alleged herein;

D.    For restitutionary disgorgement pursuant to, without limitation, California Business & Professions Code §§17200 *et seq.* and 17500 *et seq.* and principles of unjust enrichment;

E.    For declaratory and injunctive relief pursuant to, without limitation, California Business & Professions Code §§17200 *et seq.* and 17500 *et seq.*;

F.    That Defendant be required to conduct a corrective advertising campaign;

G.    That Plaintiffs and the Class members be awarded restitution, including disgorgement of profits obtained by Defendant as a result of its acts of unfair, unlawful or deceptive practices and acts of unjust enrichment and breach of the covenant of good faith and fair dealing;

H.    That Plaintiffs and the Class members be awarded both pre-and post-judgment interest at the maximum allowable rate on any amounts awarded;

I.    That Plaintiffs and the Class members recover their costs of suit, including reasonable attorneys' fees as provided by law; and

1    J.    That Plaintiffs and the Class members be awarded such other and further

2    relief as may be necessary and appropriate.

3                                    **VII. JURY DEMAND**

4         Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the

5    Constitution of the United States, Plaintiffs and the Class members demand a trial by

6    jury for all issues so triable.

7    Dated: January 31, 2011                    KIESEL BOUCHER LARSON LLP

8                                         By: _____

9                                              Raymond P. Boucher (115364)
10                                             8648 Wilshire Boulevard
                                               Beverly Hills, CA 90211-2910
11                                             Telephone: (310) 854-4444
                                               Fax: (310) 854-0812
12                                             Email: boucher@kbla.com

13

14                                             *Counsel for Plaintiffs Bonsignore and*
                                               *Lead Interim Counsel*
15
                                               Christopher M. Burke (214799)
16                                             Hal D. Cunningham (243048)
                                               SCOTT+SCOTT LLP
17                                             6424 Santa Monica Blvd.
                                               Los Angeles, CA 90038
18                                             Telephone: (213) 985-1274
                                               Fax: (213) 985-1278
19                                             Email: cburke@scott-scott.com
20                                                    hcunningham@scott-scott.com

21                                             Joseph P. Guglielmo (admitted *pro hac*
22                                             *vice*)
                                               500 Fifth Avenue, 40th Floor
23                                             New York, New York 10110
                                               Telephone: (212) 223-6444
24                                             Fax: (212) 223-6334
                                               Email: jguglielmo@scott-scott.com
25

26

27

28

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT    Case No. CV09-9192 GW (CWx)

Robert Foote (admitted *pro hac vice*)
Matthew J. Herman (admitted *pro hac vice*)
Craig Mielke (admitted *pro hac vice*)
FOOTE, MEYERS, MIELKE &
FLOWERS, LLC.
28 North First St., Suite 2
Geneva, IL 60134
Telephone: (630) 232-6333
Fax: (630) 845-8982
Email:  rmf@foote-meyers.com
            mherman@foote-meyers.com
            cmielke@foote-meyers.com

Kathleen C. Chavez (admitted *pro hac vice*)
CHAVEZ LAW FIRM P.C.
28 North First St., Suite 2
Geneva, IL 60134
Telephone: (630) 232-4480
Fax: (630) 845-8982
Email: gkeg4@aol.com

Peter L. Currie (admitted *pro hac vice*)
THE LAW FIRM OF PETER L.
CURRIE, P.C.
536 Wing Lane
St. Charles, IL 60174
Telephone: (630) 862-1130
Fax: (630) 845-8982
Email: plclaw05@aol.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard, Ste B
Oak Park, IL  60301
Telephone: (708) 776-5604
Fax: (708) 776-5601
Email: beth@hbsslaw.com

*Counsel for Plaintiff Chavez*

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT       Case No. CV09-9192 GW (CWx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric D. Freed (164526)
Jeffrey A. Leon (admitted *pro hac vice*)
FREED & WEISS LLC
111 West Washington Street Suite 1331
Chicago, IL 60602
Telephone: (312) 220-0000
Fax: (312) 220-7777
Email: eric@freedweiss.com
            jeff@freedweiss.com

*Counsel for Plaintiffs Bonsignore*

**CERTIFICATE OF SERVICE**

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is 8648 Wilshire Boulevard, Beverly Hills, California 90211-2910.

I served on January 31, 2011 , the foregoing document described as: **SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** on the interested parties by electronically filing with the Court a true and correct copy thereof and causing a true and correct copy to be delivered to the addressed as follows:

**\*\*PLEASE SEE ATTACHED SERVICE LIST\*\***

[X] VIA ELECTRONIC MAIL:
By sending such document(s) addressed to the person(s) on whom it is to be served.

[ ] VIA U.S. MAIL:
I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Beverly Hills, California.

[ ] VIA PERSONAL DELIVERY:
I personally delivered such envelope(s) by hand to the offices of the addressee pursuant to CCP § 1011.

[X] FEDERAL:
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on January 31, 2011, at Beverly Hills, California.

Sandra Haro

1

**SERVICE LIST**
*Chavez/Bonsignore v. Nestle USA, Inc., et al.*
2                                    Case No. CV09-9192 GW (CWx)

3

4   Dale J. Giali (SBN 150382)
    gialid@howrey.com
5   HOWREY LLP
6   4 Park Plaza, Suite 1700
    Irvine, California 92614-2559
7   Telephone: (949) 759-3944
8   Facsimile: (949) 266-5529

9
    Joanne Lichtman (SBN 137300)
10  lichtmanj@howrey.com
    Andrea Maldonado Weiss (SBN 252429)
11  weissa@howrey.com
12  HOWREY LLP
    550 South Hope Street, Suite 1100
13  Los Angeles, California 90071-2627
14  Telephone: (213) 892-1800
    Facsimile: (213) 892-2300
15

16  Attorneys for Defendant, NESTLE USA, INC.

17

18

19

20

21

22

23

24

25

26

27

28